MYRA A. FILKINS v. L. S. SEVERN, Appellant.

**Wills:** DEVISE IN TRUST: FAILURE TO DESIGNATE BENEFICIARY. A devise in trust which neither designates nor provides for the selection of a beneficiary is void, and upon the death of the testator the heirs are entitled to an immediate distribution of the trust property.

*Appeal from Black Hawk District Court.* — HON F. C. PLATT, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION in equity by plaintiff, as sole heir of Solomon Haney, deceased, against his executor, to secure a construction of the provisions of a will. Decree for plaintiff. Defendant appeals. — *Affirmed.*

*Hemenway & Martin,* for appellant.

*Boies & Boies* and *Edwards & Longley,* for appellee.

McCLAIN, J.— In the will, construction of which is sought in this action, the testator, after providing for the payment of the debts and expenses of his last sickness and funeral, and after appointing the defendant in this action as his executor, devises a certain parcel of real property, and directs the executor to devote another parcel to the erection of a tombstone. Then, after a bequest of $100 to a devisee named, he proceeds as follows.

That the residue of my estate, both real and personal, after above sections are complied with, be left in the hands of my executor, L. H. Severin, as trustee, and to manage said estate for the term of ten years, and I authorize my said trustee to dispose of whatever real estate or personal he may deem for the best interest of my estate at any time.

at public or private sale, as he may think for the best interest
of my estate, and I direct further that my trustee, L. H.
Severin, hold and retain $100.00 from the residue of my
estate for the purpose of caring for and improving my last
resting place during the term of his trusteeship:

The trial court held that this paragraph of the will was
invalid and of no effect, and that any property which was
within the control of the executor for disposition under such
provision, in excess of the $100 to be retained for the purpose
of caring for and improving the last resting place of the
testator, should be turned over to the plaintiff, as sole heir.

It is to be noticed that the provision of the will in ques-
tion does not authorize or direct the disposition of the property
referred to therein for charitable purposes, nor to benefici-
aries to be selected by the executor. If the purpose of the
trust had been specified, or if provision had been made for
the selection of a beneficiary, perhaps the bequest could be
sustained. *Grant v. Saunders,* 121 Iowa, 80. It was held in
that case that the *cy pres* doctrine is not recognized in this
State, and cases in other States in which that doctrine has
been repudiated as an attempt to exercise the prerogative
power without authority conferred by the will may be prop-
erly here cited in support of the proposition that a devise in
trust, which designates no beneficiary for the trust, is void:
*McHugh v. McCole,* 97 Wis. 166 (72 N. W. 631, 40 L. R.
A. 724, 65 Am. St. Rep. 106); *Tilden v. Green,* 130 N. Y.
29 (28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487);
*Read v. Williams,* 125 N. Y. 560 (26 N. E. 730, 21 Am. St.
Rep. 748); *Holland v. Alcock,* 108 N. Y. 312 (16 N. E.
305, 2 Am. St. Rep. 420); *Gallego's Ex'rs v. Attorney Gen-
eral,* 3 Leigh (Va.) 450; *Moran v. Moran,* 104 Iowa, 216.
It is well settled that, if no beneficiary of the trust is named
in the will creating a trust, the provision for the trust is
void. "There is in general the same necessity for a *cestui
que trust* capable of taking the beneficial interest. so defined
and pointed out as that there shall be no uncertainty, as

there is for the properly defined grantee in a deed. If there is such uncertainty as that it cannot be known who is to take as beneficiary, the trust is void, and the heir, by operation of law, will take the legal estate, stripped of the trust." *Lepage v. McNamara,* 5 Iowa, 124, 142. While the policy of the courts is to so construe wills that all the property of the testator shall be disposed of thereby, nevertheless, if there is an invalid attempt to create a trust as to property not otherwise disposed of, the trust is ineffectual, and the property is to be distributed as intestate property. *Sims v. Sims,* 94 Va. 584 (27 S. E. 436, 64 Am. St. Rep. 772); *Boisseau v. Aldridges,* 5 Leigh (Va.) 222 (27 Am. Dec. 590); *In re Willato,* 21 Times Law Rep. 194 (Eng. Ch. D.).

It is argued for appellant that, as no beneficiary of the trust is named, the plaintiff is the beneficiary by implication, and that defendant, as executor, is entitled to administer the trust; being accountable to plaintiff for maladministration, and for accounting at the end of the trust period. It is true that courts will sometimes resort to implication for the purpose of ascertaining an intended beneficiary. Thus in the case of *Donges Estate,* 103 Wis. 497 (79 N. W. 786, 74 Am. St. Rep. 885), it was held that a devise of property in trust, to be held by the trustee until testator's youngest child, if any be born to him, should attain the age of twenty-one years and, in case no child were living at the time of his death, his wife should be the sole owner, was to be construed as a trust in favor of the testator's children. But in the will before us there is no suggestion whatever of any beneficiary of the trust, and we are not authorized to read into the will a provision not suggested in any way by its language — that the executor is to hold the estate for the benefit of an heir who is not named in the will, and who, so far as the language of the will indicates, was not in the mind of the testator at the time it was drawn. We are absolutely without any indication as to the intention of the testator with reference to the distribution of the trust estate. Even where a beneficiary

is named, if the trust estate far exceeds in value the amount necessary to carry out the provisions of the trust, and there is no direction as to distribution on expiration of the trust, it is held that the heirs are entitled to an immediate distribution of all the property disposed of in trust beyond the amount necessary to provide for the purposes specified. *Hardy v. Sears,* 120 Mass. 524, 541.

We reach the conclusion, therefore, that the provision of the will by which testator attempted to create a trust in the executor is void for uncertainty, save as to the direction that the sum of $100 be retained and expended by the executor in caring for and improving the last resting place of testator, and that the trial court was right in decreeing that the balance of the estate be paid over to the plaintiff as heir.

It is contended for appellant that the court was without jurisdiction, for the reason that a court of equity has no authority to interfere with the administration of estates in probate. But this contention is without merit. No objection was made below to the form of the proceeding, and, if it should have been in probate instead of in equity, the proper steps should have been taken to transfer the case to the probate docket. *Easton v. Somerville,* 111 Iowa, 164. We have no doubt, however, that the proceeding was properly brought in equity. The trust created by the will being invalid, the executor holds the property " upon a resulting trust for those entitled under the statute of distributions; and thereby the jurisdiction to bring an equitable action for construction, and to have the resulting trust declared by the court, attaches as incident to the jurisdiction of equity over trusts." *Read v. Williams,* 125 N. Y. 560, (26 N. E. 730, 21 Am. St. Rep. 748). — *Affirmed.*