## Johns's Estate.

*Wills—Trusts and trustees—Payment of income to school district —Condition—Not to reduce tax rate—School Code, Act of May 18, 1911, P. L. 309, Sections 126, 401.*

A trust to pay the income to a school district to be used to improve and elevate to a higher level the standard of practical education, is not invalid nor impossible of performance because of a condition that no part of it shall be used to lower the tax rate for school purposes, inasmuch as school districts are authorized by Section 126 of the School Code of May 18, 1911, P. L. 309, to receive bequests subject to all the conditions annexed thereto, and the school directors are authorized by section 401 in their discretion to establish and maintain schools of a higher grade and provide facilities for higher education than that required by law.   Such a be-

quest would thus enable them to do what they were permitted but not required to do without affecting the tax levy necessary to maintain the required educational facilities.

Argued May 13, 1919. Appeals, Nos. 81 and 82, Jan. T., 1919, by Farmers Trust Company of Lancaster, Executor and Trustee, and Willis Geist et al., Members of the Board of School Directors of Upper Leacock Township from decree of O. C. Lancaster Co., Feb. T., 1917, No. 27, awarding distribution under the will of David S. Johns, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Exceptions to order awarding distribution under the will of David S. Johns, deceased. Before SMITH, P. J.

At the adjudication of the account, the executor and the residuary legatees objected to the award of the trust fund as directed by the testator upon the ground that it was impossible to carry out the trust without breaking the condition annexed thereto. The court below sustained the objection and awarded the whole of the estate to the residuary legatees. The school directors and the trustee appointed by the testator to receive the trust appealed.

*Errors assigned* were the dismissal of the exceptions to the adjudication and the decree of the court.

*M. G. Schaeffer,* with him *Charles G. Baker, Charles F. Hager* and *John A. Coyle,* for Farmers Trust Company, appellant.—The receipt of the income will not of itself and inevitably reduce the tax rate.

The School Code establishes an elementary or general practical education and a higher practical education, the former of which must be given and the latter may be given.

The bequest is a charitable one and the object is not vague, indefinite nor uncertain: Pickering v. Shotwell,

10 Pa. 23; Martin v. McCord, 5 Watts 493; Sloan's App., 168 Pa. 422.

*M. G. Schaeffer*, with him *John A. Coyle*, for Willis Geist.

*John E. Malone*, for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, June 21, 1919:

David S. Johns, a resident of Upper Leacock Township, Lancaster County, died January 20, 1917, and in his will there is the following provision: "I give and bequeath to my hereinafter named Executor and Trustee, the sum of Twenty-five Thousand Dollars, in Trust, the same to be called the 'David S. Johns Educational Fund' for the following purposes: The same to be invested as directed by the laws of Pennsylvania relating to Trusts, in good security and in the name of the Farmers Trust Company, of Lancaster, Pennsylvania, Trustee of the David S. Johns Educational Fund, and the net income thereof, to be paid annually to the Treasurer of the public schools of Upper Leacock Township, the same to be used to improve and elevate to a higher level the standard of the practical education in Upper Leacock Township, as may be directed from time to time by the Board of Public School Directors in said Upper Leacock Township; but in no event at any time shall any part thereof be used to lower the tax rate of said Upper Leacock Township; and no part of said fund shall be in any manner whatever used for any assistance of any kind or thing of a religious nature. I further direct that said Trustee shall keep the account separate and apart from any of its other business and the account to be kept in the name of the 'David S. Johns Educational Fund.' If at any time the principal as aforesaid shall become impaired or lessened, the same must be restored to the original sum of Twenty-five Thousand Dollars, before any income shall be paid as aforesaid." At the adjudication of the ac-

count of the executor of the testator his residuary lega-
tees—two brothers—objected to the award of $25,000, as
directed by the testator, on the ground that, if the school
district of Upper Leacock Township should receive the
income from it, the tax rate for school purposes would
necessarily be lowered and the condition annexed to the
bequest broken. The court below sustained this objection,
and, in awarding the whole estate to the residuary lega-
tees, said: "The bequest must fall because the testator
attached to it a condition irreconcilable with governing
conditions." From this the school directors of Upper
Leacock Township and the trustee appointed by the
testator to receive the bequest have appealed.

If the bequest had been an absolute one to the school
district, or to a trustee for its use and benefit, with no
condition attached to it, the tax levied for school pur-
poses would necessarily be lowered; and this is conceded.
But the bequest has a condition annexed to it, and by
Section 126 of the School Code of May 18, 1911, P. L. 309,
the school directors of Upper Leacock Township are
authorized to receive what the testator directed should
be paid to it, subject, however, "to all the conditions" an-
nexed to the bequest. The net income from the $25,000
is "to be used to improve and elevate to a higher level the
standard of the practical education in Upper Leacock
Township, as may be directed from time to time by the
board of public school directors."

Section 401 of the School Code requires the school di-
rectors of every school district to "establish, equip, fur-
nish and maintain" a sufficient number of public schools
for the education of persons residing therein between the
ages of six and twenty-one years; and the directors may,
in their discretion, "establish, equip, furnish and main-
tain" schools of a higher grade and provide facilities for
higher education. The testator, who was evidently a
man of intelligence, was doubtless familiar with this
provision, and his clearly expressed intention is that
what he provided for the school district of his township

was to enable its school directors to do what they were permitted, but not required, to do. The tax levied for what the school directors are required to do is not to be, and will not be, affected by the testator's bequest. The taxpayers of his township are not to be relieved in the slightest degree from the burden of maintaining the public schools which the statute requires them to maintain in their district. This is what the words of the testator mean, and they can be given no other rational interpretation. He intended that his bequest should be effective, and not that it should fail, but at the same time was unwilling that his bounty to the school district should be any measure of relief to its taxpayers from the burden of supporting public schools which are not "to improve and elevate to a higher level the standard of practical education."

By testator's bequest the school district of his township may, through its school directors, extend to those seeking education in the public schools facilities for higher education which are not there provided for them, and which the school directors are not required to provide—and all this without lowering the school tax rate of the district. Industrial education, agricultural education and public lectures are among the facilities which may be so furnished. Others are enumerated in Section 401 of the School Code.

The decree of the court below is reversed, at the cost of the appellees, and the record remitted with direction that distribution be made in accordance with this opinion.