A. M. McCOLL et al., Trustees, Appellants, v. DALLAS COUNTY et al., Appellees.

No. 43142.

OCTOBER 15, 1935.

White & Clarke, for appellants.

Curtis W. Gregory, for appellees.

ANDERSON, J.—The facts pertinent to a disposition of this appeal are not in controversy. It appears that about the year 1866, one Thomas D. Gregg, who was a resident of Dallas County, Iowa, conveyed to said county a certain tract of land in said county; the deed of conveyance containing the following clause:

"The foregoing conveyance being made to aid in establishing in and for said County of Dallas, a seminary of learning wherein studies of the higher grade than is convenient to be taught in common free schools may be included in the course of instruction, wherein attention shall be given to training teachers of primary schools."

By a resolution of the board of supervisors of Dallas county the said above-mentioned conveyance was accepted. Later the said land was sold by the county, and proceeds thereof, amounting to about $4,000, were carried by the county in a separate fund known as the "Thomas D. Gregg Fund". Some arrangements were then made by the board of supervisors, or a committee appointed by said board, to establish, in connection with the independent school district of Adel in Dallas county, a room or rooms suitable for the carrying out of the provisions contained in the deed heretofore mentioned. This arrangement, however, was not continued, and the "Thomas D. Gregg Fund" was continued and held by the county in a separate and distinct fund. Later the fund was augmented through the provisions of the will of Thomas D. Gregg by something over $9,000, so that the total amount received by the county was approximately $12,000. The board of supervisors in a resolution set apart the aggregate amount "as a permanent fund to be known as the Gregg Fund to be managed in every respect in loaning and apportionment as the permanent school fund of the County." Later the county of Dallas through the authority of its board of supervisors filed a petition in the district court of Dallas county reciting the fore-

going facts, asking that suitable persons be appointed by the court to administer the trust and to carry out the intention of the said Thomas D. Gregg in making the donations of the funds to the county as aforesaid. Upon a hearing on said petition, the district court found that it was necessary and expedient that trustees should be appointed to carry said trust into effect, and three trustees were appointed by the court with full power to act in the premises. The trustees so appointed were ordered to take charge, control, and possession of the trust fund, and the board of supervisors, county auditor, and treasurer of Dallas county were ordered to deliver to the trustees so named the trust fund. The trust fund amounting to approximately $12,000 was turned over to the trustees so appointed and has been administered by such trustees and their successors from that time until the present and, with accumulations, it now amounts to approximately $135,000. The fund was loaned by the said trustees upon real estate security, and the interest thereon has augmented the original fund to the amount indicated. Through the business of loaning the funds it became necessary for the said trustees to take title to several tracts of land, either by foreclosure or deed, and it is this land which is involved in the present controversy. The land is situated in different townships and no more than 160 acres is in any one civil township.

The real estate so held by the trustees of the Thomas D. Gregg Fund was listed for taxation for the years 1931, 1932, and 1933, and taxes and penalties extended on the tax books of Dallas county in the aggregate sum of $413.82, and plaintiffs seek in this action to cancel said assessments and enjoin the collection of said taxes, interest, and penalties.

Prior to the commencement of the action, the plaintiffs-trustees filed an application with the board of supervisors of Dallas county for the cancellation and remission of said levy of taxes, and this application was refused by the board. The fund has existed and been under the exclusive control and management of the present trustees and their predecessors for a great number of years, and no effort has been made to establish an institution of learning such as apparently was contemplated by Thomas D. Gregg in making the donations referred to; the trustees considering in their best judgment that the fund had not yet reached an amount sufficient to establish such an institution of learning and support the same. It is fair to say that

no part of the funds or the proceeds of the investments have ever been used for any purpose, private or otherwise, and that none of the funds have been used directly in the purchase of real estate.

Upon the trial of the issues disclosed in the foregoing facts, the trial court found that the real estate involved was not exempt from taxation and dismissed plaintiffs' petition. From such ruling this appeal is prosecuted.

The first question raised by the appellants in their argument is that the property is exempt under the provisions of subdivision 2 of section 6944 of the 1931 Code, which provides that "the property of a county, township, city, town, school district, or military company, when devoted to public use and not held for pecuniary profit" shall not be taxed. The appellants now claim in argument here that the real estate involved is owned by Dallas county, and the appellants complain that the trial court overlooked and ignored this provision of the statute.

■■■ It is apparent from the opinion filed by the trial court determining the issues that the court did not consider the provisions of subdivision 2 of section 6944 in its disposition of the case. This provision provides that any property of the county, township, city, town, or school district when devoted to public use and not held for pecuniary profit shall be exempt from taxation. It is probable that this particular section was not called to the attention of the trial court, as it was not mentioned at all in the opinion filed by the court. The appellees meet the appellants' claim under this statute by asserting that it was not raised in the court below and therefore cannot be considered on appeal. With this position of the appellees we cannot agree.

■■■ While the plaintiffs, appellants, in their petition make the allegation that they are the owners of the real estate involved, the facts pleaded as a whole, and the record made upon the trial, show conclusively that the appellants-trustees are not the owners of the real estate involved. It will be noticed at this point that the assessments and taxes involved are only as against three certain pieces of real estate the record title to which rests in the trustees by reason of foreclosure proceedings, and that the major part of said fund being now in securities and held by the trustees is not involved in this action. It appears from the recitation of the facts above that the original donation of this fund was to the county of Dallas through a deed of conveyance of

certain real estate, and that the additions thereto, later made by the donor, were made under the same specific provisions, which provisions, as indicated in the deed of conveyance, and in the later will bequeathing the additional funds, were for the express purpose "to aid in establishing in and for said County of Dallas, a seminary of learning". This fund was accepted by the county of Dallas under the conditions named, with a pledge upon the part of the board of supervisors of the county that the trust thus imposed would be carried out by the county as indicated by the instruments donating the fund. A part of the resolution accepting the fund and trust provided "as a permanent fund to be known as the Gregg Fund to be managed in every respect in loaning and apportionment as the permanent school fund of the county". We cannot escape the conclusion that this fund became a part of the school fund of Dallas county, and that it can never be used for any purpose other than the establishment of a seminary of learning as provided by the terms of the gift.

Our Constitution, Art. IX, section 1 of subdivision 2, provides that:

"The educational and school funds and lands, shall be under the control and management of the General Assembly of this State." And section 6 of the same subdivision provides that: "The financial agents of the school funds shall be the same, that by law, receive and control the State and county revenue for other civil purposes, under such regulations as may be provided by law."

Section 4483 of the 1931 Code provides: "The board of supervisors shall hold and manage the securities given to the school fund in its county, and all judgments and lands belonging to said fund." Section 4498 of the Code provides the manner of keeping the account known as the school fund account in which a memorandum of all notes, mortgages, bonds, money, and assets of every kind and description shall be kept by the county auditor. Section 5130 of the Code provides that the board of supervisors shall have the power "to manage and control the school fund of its county, as provided by law".

While it is true the county asked for and obtained the appointment of trustees to manage and control this fund, yet

the fund including the real estate here involved is still the property of Dallas county and is being held and invested by the trustees as agents of the county only; and any use of the fund in the future for the purposes for which it was donated to and received by the county must necessarily be with the consent and acquiescence of the county. If it is finally used, as it must be, in the establishment of an institution of learning, such institution will belong to Dallas county and will be either directly or indirectly supported, managed, and controlled by the county as is provided for the management and control of its school funds.

 The appellants further contend that the real estate in question in this appeal is exempt from taxation by reason of the provisions of subdivision 11 of section 6944. This subdivision is as follows:

"Real estate owned by any educational institution of this state as a part of its endowment fund, to the extent of one hundred sixty acres in any civil township" shall be exempt from taxation.

And we think there is merit in this contention. The real estate here involved is in fact the property of Dallas county and is a part of its school fund. The school system of a county in this state is an "educational institution", and if this is true it necessarily follows that the property involved on this appeal is exempt from taxation. It cannot be questioned that the county or state school systems of this state are educational institutions. And the institution provided for in the creation of this trust fund is necessarily a part of the school system of Dallas county. The fund cannot be used by anyone for any purpose other than to further the interests of the school system of Dallas county.

Many cases are cited by both appellants and appellees, but we find little help in any of them to aid us in the disposition of the issues presented. Many of the cases are from other jurisdictions and arose under statutory provisions unlike our own, and, too, most of the cited cases, if not all, have to do with private schools, church properties, and similar properties in which a different application of the taxing laws must necessarily be made. For instance, we have in the case of Montana Catholic Missions v. Lewis and Clarke County, 13 Mont. 559, 35 P. 2, 22 L. R. A. 684, a controversy as to the exemption of property as owned by a public charitable institution, and the

court held that the property not being used at the time by the charitable institution, that it was not exempt from taxation. So, too, in the case of Grace M. E. Church v. Philadelphia, 23 Pa. Dist. R. 223, real estate held by a church corporation with the intention to build a church upon it at some future time, it was held that it was not exempt from taxation, for the very good reason that the church had not actually been built.

In the case of Osceola v. Board of Equalization, 188 Iowa 278, 280, 176 N. W. 284, 285, we find some support for the appellants' position in the present case. In that case the court said:

"Clearly this land was acquired for public use, and not for pecuniary profit. It is just as clear that it is not now held for pecuniary profit, and that it is fully devoted to the public use for which it was acquired."

In Ellsworth College v. Emmet County, 156 Iowa 52, 135 N. W. 594, 42 L. R. A. (N. S.) 530, this court held that a grant of $25,000 to be used in establishing a home for the aged was not exempt from taxation for the reason that the home for the aged had not yet been created.

In all of the cases cited where the property was held for some private or independent institution, the courts have held that the mere prospective use of it at some time in the future for religious or charitable purposes would not exempt it from taxation.

In Cooley on Taxation, Vol. 2, section 629, we find the following text:

"Property held in trust for a city is not taxable. If a municipality holds property as trustee, the power to tax it depends upon whether it is held in trust for its own use or merely as legal owner for the benefit of third persons. If a state or municipality holds property in trust, it is nevertheless taxable where the trust is not for the benefit of the state or municipality but instead for the benefit of third persons. For instance, property held in trust by a municipality is taxable where the trust is created for the benefit of a particular class of needy persons and the municipality cannot use the proceeds for its own benefit or for municipal purposes. On the other hand if the state or municipality holds the title as trustee for its own benefit, and the prop-

erty is devoted to public uses, it is not taxable; and this rule applies, it seems, equally well where the income of the trust property is to be devoted to public purposes. Thus, it has been held that land held by a municipal corporation in trust to devote the income to the maintenance of its parks is held for a public use so as to be exempt.''

The property here involved is without doubt the property of Dallas county, and the record title is held by the trustees for the benefit of Dallas county and its school system only. It must eventually be devoted to public uses and, if this is true, it cannot be taxed.

We are of the opinion that the property here involved is clearly county property, and also that it is a part of the school funds of the county, held by it as a part of such fund as an endowment, and that under the sections of the statute heretofore quoted it is exempt from taxation by the taxing authorities. Indeed, we think that the taxing authorities of the county or any of its subdivisions are without power or authority under the statute to list any part of such fund for taxation.

It follows from the foregoing discussion that the district court was in error in holding that the property here involved was subject to taxation and a reversal necessarily follows. The case will be reversed and remanded, with instructions to enter a decree in conformity with the foregoing opinion.—Reversed and remanded.

KINTZINGER, C. J., and ALBERT, DONEGAN, and PARSONS, JJ., concur.

MITCHELL and HAMILTON, JJ., concur in result.