DORA ECKLES et al., appellants, v. FRANK H. LOUNSBERRY, as executor of estate of William E. Hawks, deceased, and NORMAN A. ERBE, as Attorney General of the State of Iowa, appellees; MYRTLE EVA HAWKS DAVIDSON et al., intervenors-appellants.

No. 50402.

NOVEMBER 14, 1961.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, of Des Moines, for appellants.

Frank H. Lounsberry, of Nevada, for himself as executor and appellee. ·

Evan Hultman, Attorney General, Bruce M. Snell, Jr., and Frank Craig, Assistant Attorneys General, for Norman A. Erbe, appellee.

Hirschburg, Reynolds, Gilchrist & Nutty, of Ames, for intervenors-appellants.

GARFIELD, C. J.—Plaintiffs and intervenors, collateral heirs of William E. Hawks, deceased, claim the principal bequest in his probated will is invalid. Following trial the district court held the will created a valid charitable trust. We affirm the decision.

After the usual provision for payment of debts and expenses the will, in paragraph 2, directs that if "any person should appear with legal proof that he or she is a brother or sister of William E. Hawks, said person be paid five dollars * * *"

Paragraph 3 of the will, the part in controversy, provides: " 'I hereby give, devise and bequeath all of the remainder of my estate * * * to the Iowa State Public School Fund of the State of Iowa to be used by those in charge of said fund to promote instruction in vocal music and proper development of the lungs of children attending kindergarten, first and second grades in the schools of the State of Iowa.

" 'I believe such training will result in said children becoming better citizens and more healthy persons.' "

The will contains no residuary clause or provision for reversion or gift over in the event of failure of the above bequest.

Testator was unmarried and left no descendants or parents. Plaintiffs are two cousins. Nineteen other collateral heirs intervened by joining with plaintiffs as permitted by rule 75, Rules of Civil Procedure. Defendants are the executor and the attorney general of the state. Value of the estate is estimated at $228,000.

Plaintiffs' petition sets out paragraph 3 of the will and alleges merely it "is impossible of execution and invalid." The petition of intervention states "it is the contention of intervenors there is no devisee capable of accepting and administering the bequest * * * and it is invalid due to uncertainty and impossibility of execution." Plaintiffs admitted this allegation and most of intervenors' other allegations.

Appellants' joint brief states three "propositions relied on" as required by rule 344(a)(3). They are: (1) "The object and purpose of paragraph 3 is against public policy and illegal. (2) There is no devisee capable of accepting and administering the purported devise and it must therefore fail. (3) The purported devise is not charitable."

Appellants place their main reliance in this court on the first of these propositions. The record does not indicate this contention was made in the trial court. Certainly it was not clearly made. Appellants' reply brief ignores the assertion in appellees' brief that "The contention was not made in the trial court and is not properly before this court." We will, however, as a matter of grace give it consideration, although not at the outset.

I. We think the bequest in paragraph 3 is charitable. The estate is to be used " 'to promote instruction in vocal music and proper development of the lungs of children attending kindergarten' " and the first two grades in school. The promotion of education is certainly a charitable purpose. Amundson v. Kletzing-McLaughlin M. F. College, 247 Iowa 91, 94, 73 N.W.2d 114, 116, and citations; Lupton v. Leander Clark Col-

lege, 194 Iowa 1008, 1013, 187 N.W. 496; Wilson v. First National Bank, 164 Iowa 402, 412, 145 N.W. 948, Ann. Cas. 1916D 481; 9 Drake Law Review 90, 91; Restatement Trusts 2d, section 370; Annotation, 48 A. L. R. 1126.

Appellants concede trusts for the promotion of education are, as a general rule, charitable and are thus entitled to the indulgence equity has seen fit to bestow on charities. They say, however, this is not a charitable trust because the money is to be used to promote instruction in vocal music and proper development of children's lungs rather than in aid of what they call the financial branch of education.

The promotion of health is also a recognized charitable purpose. In re Estate of Anderson, 244 Iowa 325, 331, 56 N.W.2d 913, 917; 9 Drake Law Review, 90, 92; Restatement Trusts 2d, section 372; 10 Am. Jur., Charities, section 71.

A trust to assist in the maintenance of public schools is also charitable, not merely on the ground it is for the advancement of education or promotion of health, but also on the ground it is to supply the community with facilities ordinarily supplied at public expense. Restatement Trusts 2d, section 373, Comment b; Annotation, 48 A. L. R. 1126.

Charitable gifts are strongly favored by the courts and will be upheld wherever possible. In re Will of Hagan, 234 Iowa 1001, 1007, 14 N.W.2d 638, 642, 152 A. L. R. 1296, 1301, and citations; In re Estate of Small, 244 Iowa 1209, 1225–1229, 58 N.W.2d 477, 485–487; In re Estate of Pierce, 245 Iowa 22, 35, 60 N.W.2d 894, 902.

In considering a charitable bequest we have approved this statement of Lord Hardwicke, " 'There is no authority to construe it to be void, if by law it can possibly be made good.' " In re Estate of Nugen, 223 Iowa 428, 440, 272 N.W. 638, 645; Klumpert v. Vrieland, 142 Iowa 434, 437, 121 N.W. 34, 35.

Even where no charitable bequest is involved, if any testamentary provision is reasonably open to two constructions, one which would render it void or inoperative and another which would render it valid, the latter is always to be taken and the former rejected. This rule is particularly applicable where a charitable bequest is drawn in question. Jensen v. Nelson, 236

Iowa 569, 571, 19 N.W.2d 596, 598, and citations; In re Estate of Small, supra, 244 Iowa 1209, 1226, 1227, 58 N.W.2d 477, 486.

We should consider appellants' propositions 1 and 2 with the above principles in mind.

II. We hold the object and purpose of paragraph 3 of this will are not against public policy and illegal.

It is argued in effect this is a sinister attempt by testator to control the curriculum of the public schools and cannot be permitted, "much less from the grave." We are told that if this will is upheld the legislature could some day find its hands tied and nothing to do but gaze at each other in mute astonishment as the courses of study in the public schools are carried on according to the whims of a testator.

We think counsel are unduly apprehensive. The argument is deprived of substance by the fact the legislature for the past 61 years has provided "The elements of vocal music, including, when practical, the singing of simple music by note, shall be taught in all of the public schools * * *." (Chapter 109, Acts 28th General Assembly, 1900, now section 280.12, Code, 1958.) Also, since 1923, "The teaching of physical education * * *, including effective health supervision and health instruction, of both sexes, shall be required in every public elementary and secondary school of the state. * * * Said subject shall be taught in the manner prescribed by the state superintendent of public instruction." (Chapter 68, Acts 40th General Assembly, now Code section 280.13.)

There is no necessary conflict between these statutes, which are declaratory of the public policy of the state, and paragraph 3 of the will. But counsel fear these laws may be changed and the legislature may outlaw what are now these required subjects. A sufficient answer is that it will be time to deal with such an improbable development when it occurs, rather than now. No charitable trust could be upheld if the possibility of future legislation were sufficient to defeat it.

If this trust were for the purpose of teaching some irrational belief, as that the earth is flat, or of illegally disseminating some doctrine like forcible overthrow of the Government, doubtless it would not be a valid charitable trust. Restatement

Trusts 2d, section 370, Comments h and i. But the trust is not of that kind. We think the will is just as valid as if the estate were to be used to promote instruction in what are frequently referred to as the "3 rs."

Speaking of public policy, we have said, "It is contrary to the public policy of this state to indulge in strained construction of * * * this will in order to seek out and discover a basis for avoiding the primary purpose of the testator to bestow upon the town a charitable trust." In re Estate of Nugen, supra, 223 Iowa 428, 438, 272 N.W. 638, 644; Blackford v. Anderson, 226 Iowa 1138, 1175, 286 N.W. 735; In re Estate of Small, supra, 244 Iowa 1209, 1227, 58 N.W.2d 477, 486.

The Nugen will was assailed on grounds somewhat like those now urged here. It contained a bequest for the purchase of a building for a public library on condition that the town would agree to furnish light, heat, clerical help and pay all operating expenses. Income from the trust was to be used for buying books and other reading material for the library. The library was to be the "H. J. Nugen Public Library." The will named three members of the library board, including the chairman, and they were to select the other members. The board was to oversee the purchase of books and management of the library.

Collateral heirs contended the Nugen will was invalid because a library can be maintained only by public taxation and the legislature might repeal the law authorizing a tax for support of a library. Also because the statute provides the mayor shall appoint the library board and it would be illegal to turn over to the board named by the testator funds raised by taxation. We upheld the will. This from the opinion is applicable here (page 438 of 223 Iowa, page 644 of 272 N.W.): "There is no such conflict or inconsistency with the statutory provisions relating to the appointment of library boards and management of city libraries as to render the will invalid. * * *. We must assume that the testator prepared his will in the light of the statutory law of this state, and that wherein the details with reference to the administrative duties in the management and control of the library are in conflict with the statutory provisions, the statutory provisions will control, and in such incon-

sistencies or apparent inconsistencies in matters of mere detail of administration may not be found sufficient reason for holding the trust invalid."

Blackford v. Anderson, supra, 226 Iowa 1138, 1175, 286 N.W. 735, repeats the last sentence of this quotation. It also says (page 1173 of 226 Iowa), "The statutes * * * relative to road building necessarily became a part of his will. He had no intention of violating them, or of allowing any administrative direction of his to defeat his dominant object. And it ought not. It was merely subsidiary to the trust and not constitutive of it." See also City of Quincy v. Attorney General, 160 Mass. 431, 35 N.E. 1066, 1068; Attorney General v. City of Lowell, 246 Mass. 312, 141 N.E. 45, 48.

4 Scott on Trusts, section 374.1, page 2671, states, "The court will properly assume that the settlor intended that only proper methods should be employed."

█ So here we must assume testator prepared his will in the light of statutory law with respect to subjects to be taught in the schools and with no purpose of violating it. It seems possible to carry out the will without violating any such statute or corrupting any state or local school official.

These precedents also lend some support to the conclusion reached in this division: Green v. Blackwell, N. J. Ch., 35 A. 375; Peaslee v. Rounds, 77 N. H. 544, 94 A. 263; In re Johns' Estate, 265 Pa. 311, 108 A. 593.

█ It is probable there is no course in kindergarten or the first two grades of the public schools devoted exclusively to "proper development of the lungs of children." Nor is this necessarily required by the will. Testator seems to have believed that instruction in vocal music would tend to proper development of the lungs. If he was mistaken in this or if it were impossible or illegal to promote proper development of children's lungs in school, paragraph 3 of the will should not be held wholly invalid. It should be upheld insofar as possible. Certainly it is not impossible or illegal "to promote instruction in vocal music." Blackford v. Anderson, supra, 226 Iowa 1138, 1173–1175, 286 N.W. 735 ("'Another rule is that when a will cannot operate to its full extent it shall take

effect as far as possible.' ") ; Wilson v. First National Bank, 164 Iowa 402, 415, 145 N.W. 948, Ann. Cas. 1916D 481; 14 C. J. S., Charities, section 8. See also Restatement Trusts 2d, section 377, Comment d.

 III. We disagree with the contention there is no devisee capable of accepting and administering the devise in paragraph 3 *and it must therefore fail.*

It is clear the beneficiaries of the devise are the children attending kindergarten and the first two grades in the schools of the state. The gift is nominally to the " 'Iowa State Public School Fund * * * to be used by those in charge of said fund to promote instruction' " etc. It may be conceded this is not the precise name of any fund and that such fund is not a legal entity. But it does not follow the devise must therefore fail.

 If the trustee named in a will has no legal existence or is incapable of taking and holding a gift for charitable uses or refuses to do so, the general rule is the trust will not fail, as a court of equity will supply a proper trustee. Chapman v. Newell, 146 Iowa 415, 422, 427, 125 N.W. 324, and citations; In re Estate of Crawford, 148 Iowa 60, 63, 126 N.W. 774, Ann. Cas. 1912B 992; In re Estate of Scott, 240 Iowa 35, 38, 34 N.W. 2d 177, 179; 9 Drake Law Review 90, 93, 94. See also Restatement Trusts 2d, section 397(1).

Chapman v. Newell, supra, holds a bequest " 'to the permanent school fund of Louisa County, Iowa,' " created a valid charitable trust although there was no fund specifically so designated by statute and no legal entity was named as trustee. The opinion reasons there was no fair question concerning the purpose of the gift and "If that purpose be a lawful one, the trust will not be allowed to fail because of any lack of precision in the terms in which the gift is expressed" (page 425 of 146 Iowa). Also that the devise was as if testator had said, "I give and bequeath to Louisa County for a permanent school fund." To the argument that Louisa County lacked power to receive the bequest, the Chapman case answers "in the absence of such power to accept and administer such trust, the purpose being lawful, the gift will not fail because of the disqualification of

182

the trustee, for the court will intervene to supply one [citations]." (Page 427 of 146 Iowa)

 ▪ The analogy of Chapman v. Newell, supra, to ,the present case is persuasive. The bequest here is of the same effect as if it were to the state of Iowa for a permanent school fund.. If the state is unwilling to accept the gift we see no compelling reason why the court may not appoint another trustee upon the application of the executor or the attorney general.

 There is an exception to the rule that a gift for charitable purposes will not fail for want of a trustee, · where the settlor manifests an intent that the trust shall not arise or continue unless the person named by him acts as trustee, or the purposes of the trust cannot be carried out unless he so·acts. Restatement Trusts 2d, section 397(2); 4 Scott on Trusts,.Second Ed., section 397.

Appellants contend the exception applies here. However, we have gone further in applying the general rule, not the exception, than we do here. See, e.g., Grant v. Saunders, 121 Iowa 80, 87, 88, 95 N.W. 411, 100 Am. St. Rep. 310, where the will gave the designated trustee power to select the objects or persons to be benefited so long as the selection was "for the benefit of the poor." We reasoned the testator could not have intended the gift to fail and might well have supposed that proper means of executing the trust could be provided by the courts if in any matter of detail his provision therefor was insufficient. The cited decision accords with Comments a and b, section 397, Restatement Trusts 2d.

So here, testator could hardly have intended this gift to fail for want of a trustee. As stated at the outset, the will contains no residuary clause or provision for reversion or gift over in the event of failure of the bequest. In such event, as testator is presumed to have known, the estate would go to·his collateral heirs as intestate property. This would be clearly contrary to his express intent. It is not apparent testator manifested any special trust or confidence in the state school·fund or was personally acquainted with those in charge of it. · He was primarily interested in the children and in promoting instruction he believed would make them better citizens and

healthier persons. Nor are we convinced the purposes of this trust cannot be carried out unless some particular person or persons act as trustee.

IV. We have thought it well to discuss in the previous division the legal principles that apply to appellants' second proposition. We have said the devise is in effect to the state for *a* permanent school fund. We think the state is capable of accepting and administering the devise. No constitutional or statutory prohibition against it has been cited.

Section 565.3, Code, 1958, provides: "A gift, devise, or bequest of property, real or personal, may be made to the state, to be held in trust for and applied to any specified purpose within the scope of its authority, but the same shall not become effectual to pass the title in such property unless accepted by the executive council in behalf of the state."

We are not prepared to say the promotion of instruction in vocal music in kindergarten and the first two grades of the public schools is not within the scope of the state's authority. As pointed out in Division II hereof the legislature, throughout the present century, has required the elements of vocal music to be taught in all public schools. Apparently acceptance of this devise has not been submitted to the executive council. The attorney general's office has, however, vigorously sought to uphold it. If the executive council accepts the gift, the devise can be carried out according to its terms. If the council rejects the gift it may be necessary to find another trustee.

Code section 565.4 states: "If gifts are made to the state in accordance with section 565.3, for the benefit of an institution thereof, the property, if accepted, shall be held and managed in the same way as other property of the state, acquired for or devoted to the use of such institution; and any conditions attached to such gift shall become binding upon the state, upon the acceptance thereof."

The public school system of the state may properly be called an institution—an educational institution—thereof. McColl v. Dallas County, 220 Iowa 434, 439, 262 N.W. 824.

The will provides the gift is to be used by those in charge of the school fund. The state treasurer manages, controls, in-

vests and disburses the school fund. Code section 302.15. We see no reason why he may not handle this fund. It is fair to assume he will seek the advice and assistance of the state board of public instruction and the attorney general in doing so.

The newly appointed state superintendent of public instruction, a member of the staff of the state board of public instruction for 15 years, testified the superintendent has general supervision of the public schools of the state and that the board would attempt to carry out the bequest and whatever decree should be entered. We deem it unnecessary to discuss the statutory provisions governing the administration of the public schools of the state.

We consider the foregoing a sufficient answer to appellants' contention there is no devisee capable of accepting and administering the devise and it must therefore fail.

V. Some other arguments of appellants should be noticed. It is said the gift will serve no socially useful purpose. The argument is sufficiently answered by what has heretofore been said. The word "charity" as used in cases of this kind has a broad meaning and includes substantially any scheme or effort to better the condition of society or any considerable part thereof. Any gift, not inconsistent with existing laws, which tends to the education or benefit of mankind or the diffusion of useful knowledge is charitable. Wilson v. First National Bank, supra, 164 Iowa 402, 412, 413, 145 N.W. 948, Ann. Cas. 1916D 481, and citations; In re Estate of Nugen, supra, 223 Iowa 428, 436, 272 N.W. 638. This gift is consistent with existing laws and tends to the education of a large number of children in a subject which is required in the public schools.

A physician testified teaching vocal music would not increase physical health or development of the lungs, and possibly might have a harmful effect on the voices, of young children. That testator may have been mistaken in his belief as to the effect of teaching vocal music on development of the lungs of children is insufficient basis for holding the gift invalid.

The argument that the bequest must fail because music and physical education must be taught in the public schools in any event is without merit. Wilson v. First National

Bank, supra, 164 Iowa 402, 416, 145 N.W. 948, Ann. Cas. 1916D 481; Chapman v. Newell, supra, 146 Iowa 415, 425, 426, 125 N.W. 324; 14 C. J. S., Charities, section 12, page 440. Chapman v. Newell, supra, states, "* * * it constitutes no reason for holding a gift void that it is made for a purpose for which other and perhaps ample provision has been made by law, * * *."

 We are told the estate is insufficient in amount to benefit the intended beneficiaries. It is true a great many children go to kindergarten and the first two grades of the public schools. The state superintendent estimated the number at about 167,000. If only the interest on the fund were to be used and divided equally between each child, he or she would receive only a few cents each year. But the will does not restrict use of the fund to the interest therefrom. Moreover several suggestions have been made as to how only the interest may be practically and beneficially used to promote instruction in vocal music in the lower grades, e.g., the purchase and distribution of books, tape recorders and other equipment and material.

We are clear the devise is not to be held invalid because of insufficiency of amount. Wilson v. First National Bank, supra, 164 Iowa 402, 415, 416, 145 N.W. 948, Ann. Cas. 1916D 481; Mary Franklin Home for Aged Women v. Edson, 193 Iowa 567, 574, 575, 187 N.W. 546; Thomas v. Bryant, 185 Va. 845, 40 S.E.2d 487, 169 A. L. R. 257, and annotation, 266.

 We have no occasion to inquire into the wisdom of this gift. The estate was testator's and he could do with it as he pleased so long as he did not violate any rule of law or public policy. Wilson v. First National Bank, supra; Chapman v. Newell, supra, 146 Iowa 415, 425, 125 N.W. 324.

VI. Applicability of the judicial power of cy pres, if it should be impossible or impracticable to carry out the particular purpose of the trust, has been fully argued by both sides. Appellants could not prevail if the doctrine may be applied here. However we deem it unnecessary to decide the question.

VII. We have considered the authorities cited by appellants. Their opening brief cites just one of many Iowa cases involving a charitable trust—Moran v. Moran (1897), 104 Iowa 216, 73 N.W. 617, 618, 39 L. R. A. 204, 65 Am. St. Rep.

443. The gift there was of $500 "to be divided among the Sisters of Charity," with no identification as to residence or otherwise and without giving the trustees power to select the beneficiaries from the class. See Beidler v. Dehner, 178 Iowa 1338, 1343, 161 N.W. 32; Grant v. Saunders, supra, 121 Iowa 80, 87, 95 N.W. 411, 100 Am. St. Rep. 310.

We do not overlook LePage v. McNamara (1857), 5 (Clarke) Iowa 124, also cited by appellants. It was not an action in equity to establish or enforce a charitable trust and we have said no charitable bequest was there involved. Grant v. Saunders, supra, at page 86 of 121 Iowa.

Additional authority in appellants' reply brief includes three Iowa precedents. Grant v. Saunders, supra, also cited by appellees, upholds the charitable trust there considered. In Filkins v. Severn, 127 Iowa 738, 104 N.W. 346, a trustee was named but there was no provision for the trust or any beneficiaries thereof. See Beidler v. Dehner, supra. The third case, Curtis & Barker v. Central University, 188 Iowa 300, 176 N.W. 330, was an action to recover money donated to defendant, based on a breach of the written conditions of the gift which provided for reverter thereof upon the happening of such event. See Lupton v. Leander Clark College, 194 Iowa 1008, 1018, 187 N.W. 496. As we have pointed out, there are no such provisions here.

On the whole we think appellants' contentions are quite technical, whereas it is our duty to apply the most liberal rules of construction the law will permit. " 'The endeavor is to find a way of upholding the will, not of breaking it down; * * *.' " In re Estate of Small, supra, 244 Iowa 1209, 1223, 1224, 58 N.W.2d 477, 484. See also In re Estate of Nugen, supra, 223 Iowa 428, 440, 272 N.W. 638.—Affirmed.

All JUSTICES concur except SNELL, J., who takes no part, and BLISS, J., not sitting.