In Re Will of Mary Iva Gittins Knouse, deceased.

Florence Gittins Trachsel, plaintiff-contestant, v. First Trust and Savings Bank of Davenport as executor of, and trustee under, the purported last will and testament of Mary Iva Gittins Knouse, et al., defendants.

No. 50907.

(Reported in 121 N.W.2d 151)

April 9, 1963.

McDonald, McCracken, McDonald & Carlin, and Hoersch, Werner & Harbeck, all of Davenport, for appellant.

Lambach, Shorey & Plath, of Davenport, for appellees.

THOMPSON, J.—The law is often accused of relying too much upon technicalities. It is said that it resorts to splitting hairs, and forsakes the demands of common sense and justice in so doing. Much of this criticism comes from those who, in common parlance, do not know what they are talking about; who fail to understand the complexities that necessarily attend the establishment and enforcement of rules by which the relations of men must be governed; the necessity for some standards of conduct which must be set up so that all may know them and order their affairs and activities accordingly; and that any general rule, found by the experience of men to be best in most situations, will occasionally be found to be harsh in its application to a particular case.

However, it must be admitted that those who practice and adjudge the law do occasionally resort to technicalities which have little relation to the real merits of the case with which they are dealing. We have no criticism of plaintiff's counsel in the proceeding at bar for resorting to what we consider a supertechnical approach. In the sometimes controversial and adversary world of the practice of law an advocate must do the best he can for his client, and use whatever ammunition comes to hand. But we are not required to agree.

The question involved is a narrow one. Mary Iva Gittins Knouse being deceased and leaving a substantial estate, her last will, with codicil, was admitted to probate in the district court of Scott County on January 27, 1961. The defendant First Trust and Savings Bank, of Davenport, was named as executor and duly qualified. Mrs. Knouse left no surviving spouse or children. The plaintiff is an heir-at-law.

The controversy arises over Paragraph VII of the will. This

sets up a charitable trust. It gives, devises and bequeaths to the First Trust and Savings Bank all the remainder of her estate in trust for such charitable purposes as it may choose, with certain limitations not material here. The controversial point in the case arises from the second paragraph of Paragraph VII, which we quote: "In the event that the said First Trust and Savings Bank shall for any reason be unwilling or unable to serve or to continue to serve as the Trustee of my estate, I do direct W. H. Shorey, or whoever may succeed him as attorney for me and my estate, to present an application to the Court for the appointment of a Trustee or Trustees in place of said First Trust and Savings Bank, with all of the powers, duties, and immunities herein granted unto the Trustee."

It is the contention of the plaintiff that this language embodies a condition precedent; that it shows a possibility that the title might not vest within the period of the rule against perpetuities as defined by Code section 558.68. We set out this section: "Perpetuities prohibited. Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty-one years thereafter."

It is the plaintiff's thought that because the quoted language from Paragraph VII of the will recognizes the possibility that the named trustee, the bank, might be unwilling or unable to act, and provides for the appointment of a successor, there is created a condition precedent; that however unlikely the declination or inability of the named trustee to act might be, it is at least a remote possibility and so there is a failure of title to vest which might extend for more than the period defined by section 558.68, supra. This statement of plaintiff's claim may aid in understanding our foregoing comments on technicalities in the law. The matter came before the trial court upon plaintiff's action for a construction of the will, and motion therein for adjudication of law points under R. C. P. 105. The court upheld the validity of the will and the trust set up in Paragraph VII, and plaintiff appeals.

I. The question is extensively briefed and exhaustively argued by the plaintiff. It is conceded, in effect at least,

that if the provision for the appointment of a successor trustee in case of inability or unwillingness of the named bank to act were not in the will, it would not be vulnerable to the charge made; that is, it would not be within the rule against perpetuities. In case of a failure of the named trustee in a charitable trust to qualify, the courts have power to appoint a successor. "And his [the trustee's] refusal to accept the trust or act in the premises will not invalidate the instrument * * *. A trust never fails for want of a trustee, and a court of equity will interfere to enforce the trust either by decree or by the appointment of another trustee." Wells v. German Insurance Co., 128 Iowa 649, 652, 653, 105 N.W. 123, 124.

Other general principles of the law as it relates to charitable trusts are that they are favorites of the law. Eckles v. Lounsberry, 253 Iowa 172, 177, 111 N.W.2d 638, 641; In re Estate of Small, 244 Iowa 1209, 1225, 58 N.W.2d 477, 485. We have also quoted with approval Lord Hardwicke's statement: " 'There is no authority to construe it [a charitable trust] to be void, if by law it can possibly be made good.' " Eckles v. Lounsberry, supra. These cases and the quotation set out above were cited and approved in In re Estate of Ditz, 254 Iowa 444, 449, 117 N.W.2d 825, 828.

The plaintiff concedes these established rules. But she insists they have no application here, because the trust must be held to be no trust under the statute against perpetuities, section 558.68, supra. Counsel argue ably that the provisions for appointment of a successor trustee must be held to be a condition precedent; that title could not vest until it was determined that the First Trust and Savings Bank was both willing and able to act, or a substitute trustee was appointed, and so there was a gap in the title, a failure to vest, which conceivably might not be filled until after the expiration of the period of the lives of persons then in being and twenty-one years. We think it would be shocking to common sense to say that what appears to be only an administrative provision for the appointment of a successor trustee invalidates the entire charitable trust. As we have pointed out above, the court would have filled the vacant trusteeship if a vacancy occurred; a trust

will not be permitted to fail for lack of a trustee. Is it then to be held that because the creator of the trust made provision for filling the vacancy, a specific means of doing what the court would have done in any event, her definite intent to set up a charitable trust must fail? We agree with the defendants that the challenged provision for appointment of a successor or substitute is no more than an administrative provision which did not create a condition precedent.

The plaintiff contends that even a remote possibility that title may not vest until after the period permitted by the statute against perpetuities is sufficient to bring the statute into force and so to avoid the trust. Authorities are cited. We shall not attempt to determine this question as applied to the language of the trust provision in the instant case, because we do not reach it. The first essential to the plaintiff's case is to show that there is a condition precedent to the vesting of title. This she attempts to do by pointing to the language which prescribes a method for the appointment of a substitute trustee if the first named does not qualify. We have said above we do not consider this to be such a condition. In In re Estate of Nugen, 223 Iowa 428, 430, 272 N.W. 638, the testator had made a bequest of $10,000 to the Town of New London for library purposes, " 'on condition that said town accepts the same and agrees to furnish all light, heat, clerical help and pay all operating expenses of said library and keep said building in repair after the purchase of said building and equipment by my executors, all the rest, residue and remainder of my estate is to be kept in trust and the income therefrom be used for the purpose of buying books and reading material for said library * * *.' " The question of the rule against perpetuities was not raised, but it was contended by the objecting heirs that the provision " 'on condition that said town accepts the same' " was a condition precedent which could not legally be carried out.

■ . There is a considerable discussion of the general law relating to charitable trusts, and several quotations bearing on the question of conditions precedent. With approval, this is quoted from Zollman, American Law of Charities, section 642, page 443: " 'Conditions, which, in the case of an ordinary trust

will be held to be conditions precedent, will in the case of a charitable trust, be held to be conditions subsequent.' " Loc. cit. 223 Iowa 434, 272 N.W. 642. Also quoted is this language from 69 C. J., section 1784, page 676: " 'As the law favors the vesting of estates, the courts, in construing a will, prefer conditions subsequent to conditions precedent and, in a case of doubt as to the testator's intention, will construe a condition to be subsequent rather than precedent where it is possible to do so without violating some established rule.' " Loc. cit. 223 Iowa 435, 272 N.W. 642.

It seems unnecessary to extend this opinion further; but in Schrader v. Schrader, 158 Iowa 85, 89, 90, 139 N.W. 160, 162, is language so appropriate that we quote it herewith: "* * * as between contingent and vested estates, conditions precedent and conditions subsequent, forfeitable rights and nonforfeitable rights, the courts always incline to the latter whenever it can fairly be done without violence to the language of the instrument under which the claims of the parties are asserted. In no class of cases can this rule be more equitably applied than in the adjudication of rights dependent on the construction of wills. * * * In Schouler on Wills, section 598, the author says: 'No criterion is afforded by the choice of technical expressions, but the probable intention of the testator must determine the construction in every case of the kind.' The fact the will does not provide for a devise over to another on failure of the first-named devisee to perform the condition attached to the gift is by all authorities considered a circumstance of much weight, indicating that the condition is not precedent to the vesting of an estate."

The plaintiff insists that Bascom v. Albertson, 34 N. Y. 584, a case decided in 1866, is directly in point here and upholds the principles for which she contends. We need not determine whether it can be distinguished. If it holds what plaintiff thinks it does, we are not impressed by its soundness and decline to be persuaded by it.

We find no merit in the position of the plaintiff. The ruling of the trial court was right.—Affirmed.

All Justices concur.