**MERGED AREA (EDUCATION) VII, a/k/a Hawkeye Institute of Technology and Lowell J. Walker, Trustee of Grace H. Walker Trust, Appellants,**

v.

**The BOARD OF REVIEW OF the CITY OF WATERLOO, Appellee.**

**No. 67103.**

Supreme Court of Iowa.

Nov. 24, 1982.

Sydney A. Thomas of Mosier, Thomas, Beatty, Sutton, Braun & Staack, Waterloo, for appellants.

John W. Holmes, Waterloo City Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, McGIVERIN and CARTER, JJ.

LeGRAND, Justice.

This is an appeal from a decree denying a property tax exemption claimed by Merged Area (Education) VII a/k/a Hawkeye Institute of Technology (Hawkeye). We affirm the trial court.

Our review is de novo. *Southside Church of Christ · of Des Moines v. Des Moines Board of Review,* 243 N.W.2d 650, 651 (Iowa 1976). The taxpayer has the burden to prove the exemption. *Iowa Methodist Hospital v. Board of Review of the City of Des Moines,* 252 N.W.2d 390, 391 (Iowa 1977). All doubt concerning an exemption is resolved in favor of taxation. *Id., Jones v. Iowa State Tax Commission,* 247 Iowa 530, 534, 74 N.W.2d 563, 565 (1956).

Hawkeye is a technical training school, which was established in 1966. It presently provides technical and vocational training to nearly three thousand students. It is housed in various buildings, some of which are leased, not owned, by Hawkeye. The question to be decided is whether the leased property is tax exempt.

Until 1980, all the property used by Hawkeye, whether owned or leased, was granted an exemption for taxation. In 1980 the Board of Review of the City of Waterloo (board) reversed its stand and refused any longer to exempt the leased property. Hawkeye, as well as its lessor, the Grace H. Walker Trust, appealed this refusal to the district court, which upheld the board. The present appeal, involving four properties, followed.

It is conceded that Hawkeye is a school corporation (Iowa Code section 273.2) and that the property in question is used for educational purposes. The dispute between Hawkeye and the board centers around Iowa Code section 427.1 (1979), more specifically section 427.1(2) and 427.1(9). We set them out:

427.1 Exemptions. The following classes of property shall not be taxed:

. . . . .

2. *Municipal and military property.* The property of a county, township, city, school corporation, levee district, drainage district or military company of the state of Iowa, when devoted to public use and not held for pecuniary profit except property of a municipally owned electric utility held under joint ownership which shall be subject to assessment and taxation under provisions of chapters 428 and 437. The exemption for property owned by a city or county also applies to property which is operated by a city or county as a library, art gallery or museum, conservatory, botanical garden or display, observatory or science museum, or as a location for holding athletic contests, sports or entertainment events, expositions, meetings or conventions, or leased from the city or county for any such purposes. Food and beverages may be served at the events or locations without affecting the exemptions, provided the city has approved the serving of food and beverages on the property if the property is owned by the city or the county has approved the serving of food and beverages on the property if the property is owned by the county.

. . . .

9. *Property of religious, literary, and charitable societies.* All grounds and buildings used or under construction by literary, scientific, *charitable,* benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred

twenty acres in extent and not leased or otherwise used or under construction with a view to pecuniary profit. All deeds or leases by which such property is held shall be filed for record before the property herein described shall be omitted from the assessment. All such property shall be listed upon the tax rolls of the district or districts in which it is located and shall have ascribed to it an actual fair market value and an assessed or taxable value, as contemplated by section 441.21, whether such property be subject to a levy or be exempted as herein provided and such information shall be open to public inspection.

(Emphasis added).

The board asserts Hawkeye's only tax exemption arises under section 427.1(2), which exempts property of a school corporation from taxation. It is conceded "of" as used here means "owned by". Hawkeye insists it is exempted not only by that subsection as to property it owns but also by 427.1(9) because it is a charitable institution. This is the nub of the controversy: Is Hawkeye entitled to a tax exemption under both sections 427.1(2) and 427.1(9)?

 Thus, this becomes a matter of statutory construction. In interpreting statutes the polestar is the intent of the legislature. *Hartman v. Merged Area VI Community College,* 270 N.W.2d 822, 825 (Iowa 1978). We attempt to give the statute a reasonable construction, taking into account the language used, the evil or mischief to be corrected, and the purpose to be achieved. *City of Mason City v. PERB,* 316 N.W.2d 851, 854 (Iowa 1982). We construe the statute as a whole, *Doe v. Ray,* 251 N.W.2d 496, 500–01 (Iowa 1977), and give it a plain, sensible, and logical construction. *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 17 (Iowa 1980).

Hawkeye relies principally on *In re Cooper,* 229 Iowa 921, 930–31, 295 N.W. 448, 453–54 (1940), which in turn looks to *Wilson v. First National Bank of Independence,* 164 Iowa 402, 409, 145 N.W. 948, 951 (1914). Both of these cases are distinguishable from the matter now before us. *Cooper* was

decided on stipulated facts, the parties agreeing that Coe College qualified as a charitable institution under Iowa Code section 427.1(9). Thus the question to be decided here was not an issue in that case.

 The *Wilson* case is also distinguishable because it involved a charitable bequest, not a question of tax exemption. In that context we apply liberal rules of construction and uphold the bequest if at all possible. *Eckles v. Lounsberry,* 253 Iowa 172, 177, 184, 111 N.W.2d 638, 641, 645 (1961).

 On the other hand, in the present case we deal with a claim for tax exemption. We interpret tax exemption statutes strictly and have become increasingly reluctant in recent years to grant exemptions under section 427.1. *E.g., Parshall Christian Order v. Board of Review, County of Marion,* 315 N.W.2d 798, 801 (Iowa 1982). *See also Congregation B'Nai Jeshurun v. Board of Review of City of Des Moines,* 301 N.W.2d 755, 756 (Iowa 1981); *Southside Church of Christ of Des Moines v. Des Moines Board of Review,* 243 N.W.2d 650, 654 (Iowa 1976); *Dow City Senior Citizens Housing, Inc. v. Board of Review of Crawford County,* 230 N.W.2d 497, 499 (Iowa 1975).

The fact that a school corporation has been included within the definition of "charitable" in construing testamentary bequests, *Eckles,* 253 Iowa at 184, 111 N.W.2d at 645, does not mean it must be so construed for tax purposes. The same word may have different meanings when used in different contexts. *State v. Whetstine,* 315 N.W.2d 758, 761 n.4 (Iowa 1982). The present context does not permit "charitable" to be accorded the same broad meaning it was given in *Eckles.*

 In considering this matter under the strict rules applicable in tax exemption cases, we start with the fact that a school corporation is granted a specific exemption under section 427.1(2). Under 427.1(9) all property *used* by a charitable institution (with certain limitations not applicable here) is exempt. The trial court ruled 427.-1(2) affords school corporations its only ex-

emption and that 427.1(9) was not intended to include school corporations within the designation of "charitable institutions." We agree. Any other conclusion would violate the rule that we should strictly construe tax exemptions, resolving all doubts in favor of taxation and against the exemption.

One other point raised by Hawkeye deserves consideration. It concerns a recent amendment to section 427.1(11), which Hawkeye says clearly shows the legislature intended 427.1(9) to include tax exemptions for school corporations. The subsection now provides in pertinent part:

> Every educational institution claiming an exemption under [subsection 11] shall file with the assessor not later than February 1 of the year for which the exemption is requested, a statement upon forms to be prescribed by the director of revenue, describing and locating the property upon which exemption is claimed. *Property which is located on the campus grounds and used for student union purposes may serve food and beverages without affecting its exemption received pursuant to subsection 9.*

Iowa Code § 427.1(11) (emphasis added).

Hawkeye relies on the emphasized language to support its argument that the legislature intended educational institutions to obtain a tax exemption under subsection 9. We believe Hawkeye's reliance on this language, which was added by a 1980 amendment to section 427.1(11), is misplaced for two reasons. First, it appears whatever tax relief was afforded by subsection 11 terminated by its own provisions in 1974. Furthermore, the legislative history of this amendment (which made changes also in other subsections of section 427.1) provides this explanation of its purpose:

> The bill provides that food and beverages may be served on certain tax exempt property of a city if approved by the city. The bill also allows food and beverages to be served on property *owned by* an educational institution and permits an exemption for property which has a federal retail liquor sales permit.

Senate File 2060, 68th General Assembly (emphasis added).

It is clear from this that the amendment was intended to apply only to property *owned by* educational institutions. Considering the entire statutory scheme of tax exemption, including this explanation of the 1980 amendment to section 427.1(11), we find Hawkeye's argument is without merit.

Hawkeye also refers us to *McColl v. Dallas County,* 220 Iowa 434, 262 N.W. 824 (1935), as general authority for the proposition that the legislature has, in the past, drafted subsections within our tax-exempting statute that overlap. In *McColl* we held property was exempt from taxation because it was owned by the county (Iowa Code § 6944.2 (1931), now § 427.1(2)) *and* because it was part of the school system of Dallas County (Iowa Code § 6944.11 (1931), now § 427.1(11)). *Id.* at 441, 262 N.W. at 827. In reaching that conclusion we necessarily held that property owned by a county as used in section 6944.2 could also be considered to be the property of an "educational institution" as found in section 6944.11. By analogy Hawkeye asserts the legislature similarly intended Hawkeye to be entitled to an exemption under both 427.1(2) and 427.1(9). *McColl* is not analogous. That case was premised on the finding that a county school system was an "educational institution." *Id.* at 439, 262 N.W. at 827. In the instant case we do not believe the legislature intended to characterize Hawkeye as a charitable institution. *Cf. Dow City Senior Citizens, Inc. v. Board of Review of Crawford County,* 230 N.W.2d 497, 499–500 (Iowa 1975) (fact that senior citizens were given special treatment in another statute (sections 425.16–425.39) militated against holding that legislature intended corporation to be entitled to a tax exemption under section 427.1(9)).

We have considered all the matters urged by Hawkeye on this appeal. None of them entitles Hawkeye to a reversal, and we therefore affirm the trial court.

AFFIRMED.