**Roberto R. VARGAS, Plaintiff,**

**v.**

**Carlos F. CHARDON, personally, and Salvador Padilla, as the Adjutant General, Puerto Rico National Guard, Defendants.**

Civ. No. 75–1010.

United States District Court, D. Puerto Rico.

Oct. 14, 1975.

Calderón, Rosa-Silva & Vargas, Hato Rey, P. R., Harry Anduze Montaño, San Juan, P. R., for plaintiff.

U. S. Atty. Julio Morales Sánchez, San Juan, P. R., for defendants.

## MEMORANDUM OPINION AND ORDER

PESQUERA, District Judge.

Brigadier General Roberto R. Vargas, Assistant Adjutant General for the Air of the Puerto Rico National Guard and a National Guard Technician, filed this suit on September 4, 1975 for injunctive relief with respect to defendant's action terminating his employment as National Guard Technician. On the same date, on the basis that the intended separation of plaintiff was not due to inefficiency or any reproachable conduct, and on the contrary because of the fact that he had merited an enviable promotion to his present grade in the military and further

on defendant's[1] acquiescence, this Court issued a temporary restraining and ordered defendant to show cause on September 12, 1975 why a preliminary injunction should not be issued. On that date, after hearing arguments of the parties, the Court requested the filing of memoranda by September 17, 1975 and reset the hearing on its order to show cause for September 26, 1975. Upon good cause shown, and by stipulation of the parties, the Court also extended the temporary restraining order to October 3, 1975. On September 18, 1975 again pursuant to the agreement of the parties, the Court further extended the time to file memoranda to September 25, 1975 and the temporary restraining order to October 10, 1975, and reset the hearing to consider plaintiff's request for a temporary injunction for October 2, 1975.

On October 1, 1975 defendant filed a motion to dismiss or in the alternative for summary judgment on the grounds of lack of subject matter jurisdiction, failure of plaintiff to state a cause of action upon which relief may be granted (Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure) and that there being no genuine issue as to material facts, defendant is entitled to judgment as a matter of law (Rule 56(b) of the Federal Rules of Civil Procedure). The parties did not file their respective briefs on time, but the same being illuminating, the Court has taken them into consideration. The hearing on our order to show cause was held as scheduled on October 2, 1975. Upon the pleadings and the evidence presented, the Court makes the following findings.

Plaintiff currently holds the rank of Brigadier General in the Puerto Rico Air National Guard. On May 8, 1975 plaintiff was recommended to the United States Air Force General Officer Federal Recognition Board for promotion to the grade of Brigadier General. On August 1, 1975 the United States Senate confirmed plaintiff's nomination to be a Brigadier General.

Prior to his confirmation in the grade of Brigadier General, from February 1965 through July 1974, plaintiff served in the Puerto Rico Air National Guard in the rank of Colonel as Base Commander of the Muñiz Air National Guard Base. On July 28, 1974 plaintiff was promoted to his present position of Assistant Adjutant General Air, retaining his rank of Colonel, and assumed command of the Puerto Rico Air National Guard.

Since September 2, 1954 plaintiff's civilian employment has been with the Puerto Rico National Guard, first as a caretaker, and subsequently, because of a statutory change in terminology as a National Guard Technician, pursuant to 32 U.S.C. § 709. At the time of his promotion to Brigadier General, plaintiff was employed as a National Guard Technician in the position of State Air Administrative Officer, GS–341–12. He was employed as such currently with his position in the military of Assistant Adjutant General of the Puerto Rico National Guard.

Under regulations jointly issued through the National Guard Bureau by the Secretaries of the Army and the Air Force, on August 1, 1975 defendant General Chardón was directed by the Chief of the National Guard Bureau to notify plaintiff that by reason of his federal recognition in a General Officer Grade, and as a result of his holding an incompatible military grade, plaintiff ceased to be eligible to hold his Air Technician position, and that effective thirty days from such notice, he would be removed from the position of State Air Administrative Officer. Plaintiff was also to be given the option to retire from the technician program in lieu of resignation. (Exhibit D)

---

1. Defendant General Carlos F. Chardón against whom the action was initially filed, has retired as Adjutant General of the Puerto Rico National Guard and pursuant to the provisions of Rule 25(d)(1), his successor Brigadier General Salvador Padilla has been automatically substituted as a party and the correction of the title of the action has been made by the Court in this Memorandum Opinion and Order.

Eligibility standards for National Guard Technicians are found in the Technicians Personnel Manual, 300 (302.-2) and provide as follows:

*2–9 Agency Qualification Standards*

Qualification requirements for technicians for appointment to positions in the excepted service will be determined by the required military membership and requirements of the position description. (See Tpp 901). In addition, the following qualifications are applicable for technicians in the excepted service.

a. Technicians are required to be federally recognized members of the National Guard of the several States, the Commonwealth of Puerto Rico or the District of Columbia by which employed.

b. National Guard technicians will occupy military positions compatible with their technician position unless otherwise excepted, this will be in the unit or units by which employed.

·   ·   ·   ·   ·

f. Technician positions that are authorized for Army or Air National Guard State Headquarters, including positions in the Military Support to Civilian Authorities Section, will specify the appropriate military position and grade to which technicians employed in those positions will be assigned. *Maximum rank for officers employed in these positions will be colonel.*

g. General officers may not be employed as technicians unless they are assigned as commanders of tactical combat units organized to serve as such and are employed as technicians for that expressed purpose. (Exhibit F) (Emphasis supplied)

Prior to his confirmation as Brigadier General, and contrary to the allegations contained in paragraph 11 of plaintiff's complaint, plaintiff was informed that if he accepted the National Guard promotion, he would be required to resign from his position as an Air Technician. (Exhibits A and B) By message of May 22, 1975 from the defendant, the Chief of the National Guard Bureau was informed that plaintiff was unwilling to resign his technician position. (Exhibit B)

By letter of August 12, 1975, defendant informed plaintiff of his confirmation as a Brigadier General and notified him of his removal from his technician position. (Exhibit 1)

By letter of August 27, 1975 plaintiff appealed defendant's decision to terminate him in his employment as Air Technician (Exhibit 3), and by letter of the same date the defendant sustained his previous determination to terminate plaintiff, citing that the termination was effected pursuant to explicit instructions from the Chief of the National Guard Bureau (Exhibit 4)

In resolving the issues before the Court we must first tend to the allegations of jurisdiction. Plaintiff predicates jurisdiction of this Court on 28 U.S.C. § 1343 and 42 U.S.C. § 1983, on 28 U.S.C. § 1361, on 28 U.S.C. § 1331, and on 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

■ This Court has jurisdiction under 28 U.S.C. § 1343 over actions for imposition of liability and/or for the issuance of injunctive relief against persons whose misconduct under color of state law violates the constitutional rights of another within the jurisdiction of the United States under 42 U.S.C. § 1983. However, what is assailed in this action is plaintiff's dismissal based on the regulation adopted pursuant to the National Guard Technicians Act (32 U.S.C. § 709) approved subsequent to plaintiff's initial employment. Furthermore, although the defendant is a state appointed officer, he in fact administers a federally funded activity and pursuant to regulations issued by the National Guard Bureau and as stated, in taking the alleged illegal action, the defendant acted as an agent of the Federal Government and therefore under color of federal not state law. As stated in *Chaudoin v. Atkinson,* 494 F.2d 1323, 1329 (3rd Cir. 1974),

" . . . 32 U.S.C. 709 charges the adjutant generals with employment and administration of the civilian technicians who are federal employees. In view of the foregoing, there can be no doubt that the Adjutant General of Delaware is an agency or an agent of the United States . . . ."

■ There is no general statutory jurisdiction over actions against federal officers and agencies. Such actions must find independent grounds for jurisdiction. 28 U.S.C. § 1361 grants jurisdiction in actions in the "nature of a mandamus" to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. However, this statutory provision can only be relied upon when the purpose of the action is to compel an administrative official to do a non-discretionary administrative act. In other words, that there is a "duty owed" to the plaintiff. We find on the face of the provisions of 32 U.S.C. § 709, and the regulations promulgated by virtue of the authority granted by said statute, that the defendant does not have the duty of not terminating plaintiff's employment. However, it has been held that the phrase "in the nature of a mandamus" grants the district courts a broader power to issue a writ than under the restricted power attendant to common law mandamus, to cases of "ministerial" duties only. Under such interpretation, to the extent that plaintiff alleges that the defendant has acted unconstitutionally and outside of the ambit of his statutory authority, plaintiff's action is within the purview of 28 U.S.C. § 1361.

■ Again, since plaintiff alleges that defendant has violated his constitutional rights, the complaint which seeks to restrain a federal officer from doing an alleged wrongful act, which is related to his duties and while purportedly acting under legal authority, states an action which arises under the Constitution or laws of the United States and thus presents a "general" federal question within the meaning of 28 U.S.C. § 1331. However, when an action comes under § 1331 the requirement of $10,000.00 jurisdictional amount must be met. Considering the disruption of plaintiff's income, we find that the extent of damages that may result from his discharge well satisfies this requirement. Finally, although the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 is not an independent source of jurisdiction, when a district court otherwise has jurisdiction of an action against an officer of the United States, the court has power except in controversies relating to federal taxes, to declare the rights and other legal relations of the interested parties.

■ Therefore, we hold that this Court has subject matter jurisdiction in the instant case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure. We further hold that the complaint states sufficient facts to constitute a cause of action as to the substituted defendant Brigadier General Salvador Padilla in his official position as The Adjutant General of the Puerto Rico National Guard. Therefore, defendant's motion to dismiss as to this defendant is denied. However, as to General Carlos F. Chardón personally, the complaint fails to state a claim upon which relief can be granted. In fact, no claim is made against him personally. Therefore, the action is hereby ordered dismissed as to him with prejudice and with costs but without imposition of attorneys' fees.

There being no just reason for delay in entering such judgment, the Clerk of this Court is ordered to enter the corresponding partial judgment pursuant to Rules 54(d) and 58 of the Federal Rules of Civil Procedure.

Now, as to plaintiff's request for a preliminary injunction, on the basis of the findings made it is the opinion of the Court that such request should not be granted.

■ In order to justify the issuance of a preliminary injunction, plaintiff must meet a strict burden. He must show, (1) a substantial probability of success at trial on the merits; (2) that without such

relief he will suffer irreparable injury; (3) that others will not be injured by the injunction; and (4) that an injunction would be consistent with the public interest. *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958); *Hamlin Testing Labs, Inc. v. Atomic Energy Commission,* 337 F.2d 221 (6th Cir. 1964); *Sampson v. Murray,* 415 U.S. 61 at 83–84, 94 S.Ct. 937, 39 L.Ed.2d 166.

 A preliminary injunction is an extraordinary remedy which the plaintiff must demonstrate he is entitled to by "clear and convincing" evidence. *Coffee Dan's Inc. v. Coffee Don's Charcoal Broiler,* 305 F.Supp. 1210, 1212–13 (N.D. Cal.1969) (citing cases); see also *Joseph Bancroft & Sons Company v. Shelley Knitting Mills, Inc.,* 268 F.2d 569 (3rd Cir. 1959). In addition, where as here, injunctive relief would interfere with operations of the Federal Government, an even greater burden is placed on the plaintiff to establish irreparable injury. See *Yakus v. U. S.,* 321 U.S. 414, 420, 64 S.Ct. 660, 88 L.Ed. 834 (1944); *Sampson v. Murray,* supra, 415 U.S. at 83–84, 94 S.Ct. 937. Such irreparable injury must be sufficient in kind and degree to override the well established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs. *Cafeteria Workers v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 6 L.Ed.2d 1230. The Supreme Court held in *Sampson v. Murray,* supra, moreover, that humiliation and damage to reputation arising out of a suspension from work do not constitute irreparable injury for purposes of granting a preliminary injunction. We must add that humiliation and damage to reputation are completely absent in plaintiff's termination.

Further, court should exercise a particularly cautious hand in granting affirmative preliminary relief. By reinstating plaintiff, the Court would not merely preserve the status quo until a decision on the merits, but would completely change it, contrary to the well-reasoned judicial precedent. *Stratton v. St. Louis S. W. Ry.,* 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 (1939); *King v. Saddleback Junior College District,* 425 F.2d 426 (9th Cir. 1970), cert. den., 404 U.S. 979, 92 S.Ct. 342, 30 L.Ed.2d 294 (1971).

It is the opinion of the Court that plaintiff in this case has not presented the necessary evidence in order to meet the strict burden so that a preliminary injunction be issued. Plaintiff's request for a preliminary injunction is hereby denied. In view of the fact that plaintiff may allege he has not had sufficient time to oppose defendant's motion for summary judgment, he is granted twenty (20) days from entry of this order to do so.