This is an appeal from the decree of the Circuit Court of Jefferson County, dismissing a class action against a charitable institution for lack of standing. We reverse.
Certain members of the faculty, staff and student body of Daniel Payne College, Inc. brought a class action against Daniel Payne College, Daniel T. Grant individually and as president of Daniel Payne, and the members of the Board of Directors of Daniel Payne, asking for an accounting of funds, a money judgment for any funds misused, punitive damages and a reasonable attorney's fee and costs. Plaintiffs claim they were damaged by Grant's breach of a fiduciary duty by misusing funds supplied by the federal government, African Methodist Episcopal Church and students of Daniel Payne and by the failure of the Board of Directors to remove Grant from the presidency and to account for the funds although the directors had knowledge of Grant's breach.
The federal government gave money to Daniel Payne to give grants or loans to students qualifying under federal guidelines and to upgrade the staff, faculty, student body, equipment and facilities of Daniel Payne according to federal guidelines, subject to the terms of the grants and applicable statutes, rules and regulations. The African Methodist Episcopal Church gave money to the general operating fund of Daniel Payne for the usual and reasonable operation of its facilities and for the use and benefit of its students, staff and faculty.
The lower court dismissed the action on the ground that the plaintiffs lack standing to bring the action and, citing Stateex rel. Carmichael v. Bibb, 234 Ala. 46, 173 So. 74 (1937), that the attorney general is "the proper party" to bring an action dealing with the administration of a charitable trust. Plaintiffs appeal.
The sole issue is whether members of the faculty, staff and student body of a charitable institution have standing to institute a class action against that institution, its president and board of directors for misuse of federal and church funds. We hold that they do.
State ex rel. Carmichael v. Bibb, supra, held that "the State, upon the relation of the Attorney General, was a proper party to institute" an action seeking the enforcement of a public charity, the removal and appointment of a trustee, an accounting and a sale for partition. In Bibb this court merely stated that the attorney general was the only person who could invoke jurisdiction for the state, not that the state was the only proper party. The question of whether anyone else has standing to institute a suit against a charitable trust has never been answered in Alabama. Thus, this is a case of first impression. *Page 1212 
"The prevailing view of other jurisdictions is that the Attorney General does not have exclusive power to enforce a charitable trust and that a . . . person having a sufficient special interest may also bring an action for this purpose."Holt v. College of Osteopathic Physicians and Surgeons,61 Cal.2d 750, 40 Cal.Rptr. 244, 394 P.2d 932 (1964) (footnote omitted) (citing Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726
(1946)). See Paterson v. Paterson Gen. Hosp., 97 N.J. Super. 514, 235 A.2d 487 (1967); Restatement (Second) of Trusts § 391 (1959); 4 A. Scott, The Law of Trusts § 391 (3d ed. 1967); 15 Am.Jur.2d Charities § 145 (1976); 14 C.J.S. Charities § 58 (1939).
Beneficiaries of a charitable trust have a right to maintain a suit to enforce the trust or prevent diversion of the funds. Annot., 62 A.L.R. 881 (1929). See Holt, supra; Duffee v. Jones,208 Ga. 639, 68 S.E.2d 699 (1952); Greenway v. Irvine'sTrustee, 279 Ky. 632, 131 S.W.2d 705 (1939); G. Bogert G. Bogert, The Law of Trusts and Trustees § 414 (2d ed. 1964).
The students of a charitable institution are beneficiaries of a charitable trust. See Montclair Nat'l Bank Trust Co. v.Seton Hall College, 90 N.J. Super. 419, 217 A.2d 897 (1966);Ettlinger v. Trustees, 31 F.2d 869 (4th Cir. 1929); Eckles v.Lounsberry, 253 Iowa 172, 111 N.W.2d 638 (1961). Where the grants and loans were for the purpose of upgrading the staff and faculty, as well as the student body, members of the staff and faculty also are beneficiaries.
Where permitted, courts have generally found that the plaintiff had some special interest which would entitle him or her to sue without making the attorney general a party. Bogert,supra. We find that the interest of the students, staff and faculty as beneficiaries in the financing of the educational institution with which they are associated is a sufficient special interest to entitle them to bring suit.
As stated in Paterson, supra,
 "It must be conceded that . . . throughout the country . . . supervision of the administration of charities has been neglected. . . . The manifold duties of [the attorney general] make readily understandable the fact that such supervision is necessarily sporadic . . . While public supervision of the administration of charities remains inadequate, a liberal rule as to the standing of a plaintiff to complain about the administration of a charitable trust . . . seems decidedly in the public interest."
Therefore, we adopt the rule that beneficiaries with a sufficient special interest in the enforcement of a charitable trust can institute a suit as to that trust, and we find that the plaintiffs here have such an interest and thus have standing.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.