JAY ALLEN KANIA v. HUGH G. CHATHAM, RICHARD T. CHATHAM, ALAN T. DICKSON, FRANK B. HANES, ROBERT CLUETT, TRUSTEES OF THE JOHN MOTLEY MOREHEAD FOUNDATION, AND THE JOHN MOTLEY MOREHEAD FOUNDATION

No. 52

(Filed 17 May 1979)

1. **Trusts § 4— enforcement of charitable trust—necessity for special interest**

As a general rule, no private citizen can sue to enforce a charitable trust merely on the ground that he believes he is within the class to be benefited by the trust; however, a person who has a "special interest" in the performance of a charitable trust can maintain a suit for its enforcement.

2. **Trusts § 4— action to require award of Morehead Scholarship—absence of standing**

Plaintiff's nomination for a Morehead Scholarship and his inclusion in a group of 1000 candidates from which 70 Morehead Scholars were selected in 1978 by the Trustees of the Morehead Foundation did not constitute the necessary special interest to give him standing to maintain an action to have the Trustees removed and to have the court award him a Morehead Scholarship on the ground that the Trustees abused their discretion in failing to award him such a scholarship when "his qualifications are superior to all of those chosen."

3. **Trusts § 4— enforcement of charitable trust—action by Attorney General or district attorney**

In the absence of a showing of special interest, a party seeking enforcement of a charitable trust should have the Attorney General or district attorney commence an action pursuant to the provisions of G.S. 36A-48 when it appears that the trust is being mismanaged through negligence or fraud.

4. **Trusts § 4— charitable trusts—discretion in trustees to select beneficiaries—authority of courts.**

Where discretion is vested in the trustees of a charitable trust to select or designate the beneficiaries, courts are without authority to make such selection or designation since it is the duty of the trustees to determine that question and effectuate it.

Justices EXUM and BROCK took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Browning, S.J.*, at the 30 October 1978 Session of LEE Superior Court.

Plaintiff instituted this action to have the Trustees of the John Motley Morehead Foundation removed and to have the court award him a Morehead Scholarship or alternatively $12,000

in damages. He alleges in his complaint that the Trustees abused their discretion by not awarding him an undergraduate Morehead Scholarship because "his qualifications are superior to all of those chosen."

The Morehead Foundation was established in 1945 by Mr. John Motley Morehead for the purpose of "promoting the education of the youth of the land by providing scholarships, preferably at the University of North Carolina at Chapel Hill . . . to such recipients as may be selected by the trustees . . . ." The trust instrument provided guidance for the Trustees in the selection process by including the following language:

> In awarding these scholarships particular attention shall be paid to academic standing, character, leadership and ambition. The recipients of these scholarships shall be selected by the trustees *in their sole discretion*, and the number and value of the scholarships, which may be changed from time to time, shall be in the sole and uncontrolled discretion of said trustees. [Emphasis added.]

In response to plaintiff's complaint, defendant moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. Defendant's motion to dismiss the action was granted, and plaintiff gave notice of appeal to the Court of Appeals. Thereafter, on 5 February 1979, we allowed plaintiff's petition for discretionary review prior to determination by the Court of Appeals.

*J. Douglas Moretz for plaintiff appellant.*

*Fleming, Robinson, Bradshaw & Hinson by Russell M. Robinson, II, and Michael A. Almond for defendant appellees.*

*Rufus L. Edmisten, Attorney General, by George W. Boylan, Assistant Attorney General, for the State, Amicus Curiae.*

BRANCH, Justice.

The sole question presented by this appeal is whether plaintiff has standing to commence or maintain this action.

[1] It is well settled, as a general rule, that no private citizen can sue to enforce a charitable trust merely on the ground that he

believes he is within the class to be benefited by the trust. G. Bogert, Trusts & Trustees sec. 414 (2d ed. 1977); 4 A. Scott, The Law of Trusts sec. 391 (3d ed. 1967); 15 Am. Jur. 2d *Charities* sec. 143 (1976); Restatement (Second) of Trusts sec. 391 (1959). However, a person who has a "special interest" in the performance of a charitable trust can maintain a suit for its enforcement. 4 A. Scott, *supra* at 3007; R. Lee, North Carolina Law of Trusts sec. 36 (7th ed. 1978). Generally, whether an individual has a special interest which would entitle him to maintain such an action is determined by the posture of the party seeking enforcement and the nature of the trust. It is readily apparent that the necessary indefiniteness of charitable trust beneficiaries will leave few situations in which courts will hold that individuals have sufficient interest to have standing to sue for enforcement. 56 Va. L. Rev. 716, 722 (1970).

[2] By virtue of the fact that plaintiff was nominated for a Morehead Scholarship, he classifies himself as a "potential beneficiary." He contends that the status thus acquired gives him a special interest in the performance of the trust and standing to maintain this action. We do not agree that plaintiff's classification as a potential beneficiary confers upon him standing to maintain his suit. To the contrary, such classification is fatal to his claim. Plaintiff is a member of a group comprised of hundreds of candidates from which the Trustees, in their sole discretion, selected recipients of Morehead Scholarships. The mere fact that a person may, in the discretion of the Trustees, become a recipient of the benefit under the trust does not entitle him to maintain a suit for the enforcement of the trust. 4 A. Scott, *supra* at 3012; 15 Am. Jur. 2d *Charities* sec. 150 (1976). We, therefore, hold that plaintiff's inclusion in the group of candidates from which Morehead Scholars were selected does not constitute the necessary special interest to give him standing to maintain this action.

We note in passing that in 1978, there were more than 1,000 nominees for Morehead Awards. Of this number, 70 were ultimately chosen as recipients of the awards. Thus, plaintiff was merely a member of a group of more than 930 unsuccessful nominees. To grant plaintiff standing to maintain this action would only open the door to similar actions by other unsuccessful nominees now and in the future. This we refuse to do. To do

otherwise would not only impose upon our courts the burden of multiple litigation but would also require trustees to expend valuable time and resources in defending unwarranted law suits.

[3, 4]   We do not mean to imply that a potential beneficiary of a charitable trust can never avail himself of legal process to enforce the provisions of such a trust. In the absence of a showing of special interest, however, a party seeking enforcement of a charitable trust should have the Attorney General or district attorney commence an action pursuant to the provisions of G.S. 36A-48 when it appears that the trust is being mismanaged through negligence or fraud. While the record does not indicate that plaintiff sought to avail himself of this procedure, it appears doubtful whether such an attempt would have been of benefit to him for the reason that the thrust of plaintiff's complaint is directed more toward the Trustees' abuse of discretion than to their mismanagement of the trust. Where discretion is vested in the trustees of a charitable trust to select or designate the beneficiaries, courts are without authority to make such selection or designation since it is the duty of the trustees to determine that question and effectuate it. 15 Am. Jur. 2d *Charities* sec. 76 (1976).

For the reasons stated herein, we hold that Judge Browning properly granted defendants' motion to dismiss plaintiff's action.

Affirmed.

Justices EXUM and BROCK took no part in this decision.