**STATE ex rel. Jeremiah W. (Jay) NIXON, Attorney General, and Carroll County Trust Company, Relators,**

v.

**The Honorable John R. HUTCHERSON, Retired, Circuit Judge, 8th Judicial Circuit, Ray County, Respondent.**

No. SC 84679.

Supreme Court of Missouri,
En Banc.

Feb. 11, 2003.

Jeremiah W. (Jay) Nixon, Atty. General, Tracy E. McGinnis, Sarah E. Ledgerwood, Assistant Attys. General, Jefferson City, James A. Foland, David W. White, Jacqueline M. Sexton, John A. Watt, Kansas City, for Relators.

Roger M. Driskill, Liberty, John P. Killian, Independence, for Respondent.

## I.

WILLIAM RAY PRICE, JR., Judge.

Because only the attorney general of the state of Missouri or individuals with a "special interest" have standing to bring suit to enforce charitable trusts, the trial court exceeded its jurisdiction when it refused to dismiss a class action lawsuit in Ray County seeking to enforce certain provisions of a trust and the last will of Mary Katherine Axtell. The preliminary writ is made absolute.

## II.

Prior to her death in 1960, Mary Katherine Axtell created a will and testamentary trust. The will contained a number of provisions that are at issue here. First, the will dealt with a farm in Ray County stating,

It is my will that the farm in the Section twenty-four (24) and twenty-five (25), Township Fifty-three (53) and Range twenty-nine (29) all in Ray County, Missouri, or any additional part thereof, is to be used for the purpose for which it was purchased: to begin as a stock ranch with future development, as funds become available, into a boarding ranch for children ranging in age from five (5) years through twelve (12) years, inclusive, for the express purpose of their entertainment and farm life education.

The will also dealt with items of personal property, ultimately stating,

Any accumulated funds above cost of maintenance and reasonable compensation for said trustee to be used for the higher education of capable children of Ray and Carroll Counties, Missouri, especially those whose parents are unable, financially, to provide such education.

The will also provided for another farm in "Moss Creek, Trotter and Egypt Townships". The "income" of this farm "or accumulated cash therefrom" was ultimately to be distributed in equal shares among seven individuals until the death of the last survivor. Then,

[M]y said trustee shall thereafter pay the net income from said trust property to an endowment fund to be used for the higher education of capable children of Ray and Carroll Counties, Missouri.

Finally, the will provided that the trust created therein should extend for twenty years beyond the death of the last survivor of the above group of seven individuals and that,

I do direct that upon the expiration of the said twenty (20) years following the death of the survivor, my said trustee shall pay out of the residue of said trust estate for the same purpose as hereinbefore stated to such capable children as

are selected by my said trustee in such amounts as my trustee deems advisable.

Lucille Palmer is the sole living beneficiary of the above group of seven individuals. She is a plaintiff in the lawsuit below making individual claims on her own behalf and is not involved in the writ proceeding now before this Court. The plaintiffs in the lawsuit [1] sought and obtained class certification pursuant to Rule 52.08 to proceed in this matter as representatives of· the class of "all persons including students past and present, parents of such students and adults responsible for such students who were and are 'capable children desiring higher education of Ray and Carroll Counties, Missouri, especially those whose parents are unable, financially, to provide such education and children between the ages of five and twelve desiring to receive a farm life education.' " It was represented to the court below that this class contains "at least six thousand persons". The putative class representatives, and certain other individual plaintiffs, seek relief against the trustee, the Carroll County Trust Company, alleging that it never operated the Ray County real estate as a boarding ranch for children; that it never operated the Ray County real estate as a stock ranch; and that it never provided financial assistance for the academic interests of the children from Ray and Carroll Counties.

The Carroll County Trust Company and the attorney general sought dismissal below of these claims arguing, *inter alia,* that the class plaintiffs, and the other individual plaintiffs, have no standing to bring this action. They maintain that only the attorney general has standing to bring a lawsuit to enforce a charitable trust. This Court issued its preliminary writ on August 27, 2002.

## III.

The nature of a charitable trust, in contrast to a private trust, determines who has standing to bring suit thereunder. This is most clearly explained in Austin Wakeman Scott & William Franklin Fratcher, *The Law of Trusts* vol. IVA, § 364, p. 108 (4th ed. 1989):

The most important distinction between a private trust and a charitable trust is with reference to the beneficiaries. . . . [A] private trust is not valid unless there is a beneficiary who is definitely ascertainable within the period of the rule against perpetuities. In the case of a private trust no one except a beneficiary or one suing on his behalf can maintain suit to enforce the trust. In the case of a charitable trust the beneficial interest is not given to individual beneficiaries, but the property is devoted to the accomplishment of purposes that are beneficial or are supposed to be beneficial to the community, and the persons who are to receive benefits from the trust need not be designated. A charitable trust is enforceable at the suit of the Attorney General and ordinarily is not enforceable at the suit of any beneficiary, although in some charitable trusts there may be beneficiaries having such special interest in the performance of the trust as to entitle them to maintain a suit to enforce it.

The law of Missouri is in accord. "A public charity is one in which there is a benefit to be conferred on the public at large, or some portion thereof, or upon an indefinite class of persons." *Voelker v. Saint Louis Mercantile Library Ass'n,* 359

---

1. The motion and order for class certification designate "Carr, Hall and Gilbow" as class representatives. It is unclear whether this is meant to include all plaintiffs of those names or only the parents or only the children. For purposes of this decision, it does not matter.

S.W.2d 689, 696 (Mo.1962) (quoting 10 Am. Jur. *Charities,* § 5). "The essential elements of a public charity are that it is not confined to privileged individuals, but is open to the indefinite public." *Id.* at 694.

> An individual member of the public has no vested interest in the property or funds of the [charitable] trust.... Any action on this account must be taken by the Attorney General as the representative of the public. However, those with a special interest may enforce the trust, or a localized or grouped charity may be enforced by a class suit.

*Dickey v. Volker,* 321 Mo. 235, 11 S.W.2d 278, 281 (1928).

> The Attorney General does, of course, represent the public and the public interest in respect to matters involving enforcement of public charitable trusts....

*German Evangelical St. Marcus Cong. v. Archambault,* 404 S.W.2d 705 (Mo.1966). The purpose for such a restriction is clear.

> The persons affected by such trusts are usually some or all of the members of a large and shifting class of the public. If any member of this class who deemed himself qualified might begin suit, the trustee would frequently be subjected to unreasonable and vexatious litigation. Often no individual can prove that he will necessarily benefit from the charity. All may be prospective or possible beneficiaries, but no one can be said to be a certain recipient of aid. In ultimate analysis it is the public at large which benefits, and not merely the individuals directly assisted. Obviously, there is good reason for vesting in a single authority the discretion and power incident to the enforcement of such trusts, rather than in leaving the matter to the numerous, changing, and uncertain members of the group directly to be aided.

George Gleason Bogert & George Taylor Bogert, *The Law of Trusts and Trustees* § 411, p. 8 (rev. 2d ed. 1991). *See also Voelker,* 359 S.W.2d at 695.

## IV.

There is no question that the trust established by Mary Katherine Axtell is a charitable trust. The beneficiaries of the trust are "children ranging in age from five (5) years through twelve (12) years, inclusive"; "capable children of Ray and Carroll Counties, Missouri, especially those whose parents are unable, financially, to provide [their children with higher] education"; "capable children of Ray and Carroll Counties". The putative class representatives have estimated the number of individuals in the class to be at least six thousand people.

Respondent acknowledges the charitable nature of the trust at issue. Respondent, however, maintains that the putative class representatives are the parents of capable children desiring higher education and/or education on farm life but cannot afford such education and the capable children themselves. As such, Respondent maintains that they have a "special interest" that allows them standing to enforce the terms of the Axtell trust.

■ A person who has a "special interest" in the performance of a charitable trust can maintain an action for its enforcement. The test to determine whether such an interest is special enough to confer standing is whether the person "is entitled to receive a benefit under the trust that is not merely the benefit to which members of the public in general are entitled." Scott & Fratcher, § 391, p. 366. A person also may have standing if he or she is entitled to a preference under the terms of the trust or if the person is a member of a small class of identifiable beneficiaries, Scott & Fratcher, § 391, pp. 366–368, or if

he or she is "certain to receive trust benefits", Bogert & Bogert, § 414, p. 43. However, "[t]he mere fact that a person may in the discretion of the trustee become a recipient of the benefit under the trust does not entitle him to maintain suit for the enforcement of the trust." Scott & Fratcher, § 391, p. 373. "As a general rule no private citizen can sue to enforce a charitable trust merely on the ground that he believes he is within the class to be benefited by the trust and will receive charitable or other benefits from the operation of the trust." Bogert & Bogert, § 414, p. 39. The Southern District of the Court of Appeals described the analysis in this way,

> ... [W]here there are clearly designated beneficiaries of a trust, even when they are well recognized charities, they alone must seek to enforce those provisions benefiting them. There is no need for the involvement of the attorney general in these instances. The attorney general can proceed only when there are no persons or entities who can reasonably be determined as the benefit is to the general public or a portion of it.

*State ex rel. Champion v. Holden,* 953 S.W.2d 151, 154 (Mo.App.1997).

### V.

Application of this body of law to the present case leaves little doubt that the putative class representatives and the individual plaintiffs cannot meet the burden of showing a clear, identifiable, and present claim to any benefits from the Axtell trust sufficient to establish a "special interest". At most they have merely a potential interest that is no greater than the interest of all of the other members of the putative class.

 "We note in passing that charitable trusts are generally not enforceable by potential beneficiaries or by members of the general public." *Hinton v. St. Joseph,* 889 S.W.2d 854, 858 (Mo.App.1994). The duty and the responsibility for enforcing this charitable trust falls upon the attorney general of the State of Missouri.[2] He has standing, the individual plaintiffs do not.[3]

The preliminary writ is made absolute.

All concur.

---

**2.** The proper parties to bring suit against charitable corporations are set out in sections 352.240 and 355.086, RSMo 2000.

**3.** We have not been asked to determine and we do not address whether the prosecuting attorneys of Ray or Carroll Counties also might have authority and standing to enforce this trust.