St. Paul A.M.E. Church ("St. Paul Church"), through its pastor, trustees, and steward, and Mayhaw School Community Organization, Inc. ("Mayhaw School"), appeal from an order dismissing their action against the trustees of the W.T. Neal Trust ("the Trust") and others "to enforce the Trust and for restitution to the Trust for the benefit of the class of beneficiaries *Page 375 
designated by the Trust." Appellants' brief, at 22. The trial court concluded that St. Paul Church and Mayhaw School do not have standing to bring the action, and we agree. Consequently, we affirm.
"Because the facts are not in dispute and because we are presented with pure questions of law, the trial court's judgment is accorded no presumption of correctness. This Court's review of the application of the law to the undisputed facts is de novo." Lyons v. Norris, 829 So.2d 748, 750
(Ala. 2002). The relevant facts are well stated by St. Paul Church and Mayhaw School:
 "St. Paul Church, a nonprofit, religious and charitable unincorporated organization, through its pastor, trustees and steward named as parties plaintiff, and Mayhaw School, a not for profit educational and charitable corporation, both located in Calhoun County, Florida, brought this action each for itself individually and on behalf of a class of charitable corporations, trusts, organizations, or individuals in Calhoun County, Florida and/or Escambia County, Alabama, parties designated in the W.T. Neal Will as entitled to be income beneficiaries from the W.T. Neal Trust.
 "The Trust was established under the terms of the Will of W.T. Neal who died on July 23, 1950 ('Will'). The current trustees of the Trust are N.Q. Adams, Kate Neal McNeel and Lauren Neal Shepard (`Trustees'). . . .
 "Item IV of the Will which creates the Trust directs that `the balance of the net income from said Trust [after $6,000 annual payment to family members] shall be paid [to the trustees] for the sole purpose of paying for the education of my son, W.T. Neal, Jr., . . .
 "`and of making contributions to a corporation, trust or community chest fund or foundation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation; or to a domestic fraternal society, order or association operating under the lodge system, to be used exclusively for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals; or to an individual or individuals exclusively for religious, charitable, scientific, literary or educational purposes — such contributions, to whomsoever made, to be used exclusively, in the County of Escambia, State of Alabama, and the County of Calhoun in the State of Florida.'
 "Plaintiffs St. Paul Church and Mayhaw School are among the numerous individuals and entities that could, in the Trustees' discretion, receive charitable contributions under the Trust created by the Will of W.T. Neal, deceased."
Appellants' brief, at 14-16 (footnotes, citations to clerk's record, and emphasis omitted).
The Trust has been the subject of litigation for many years; it was, in fact, previously considered by this Court in Nealv. Neal, 856 So.2d 766 (Ala. 2002). In our prior decision, we noted that the Trust "does not name or describe any identifiable beneficiary of [its] largess" and stated that the Trust "does not vest in any named or identifiable person or entity in Florida or elsewhere any enforceable right to any . . . of the income." 856 So.2d at 779. "Indeed," as we noted, "this nonidentification [of any beneficiary] is the feature that *Page 376 
constitutes the charitable aspect of the trust."856 So.2d at 780 (citing State ex ret. Carmichael v. Bibb,234 Ala. 46, 51, 173 So. 74, 78 (1937), and Moseley v.Smiley, 171 Ala. 593, 596, 55 So. 143, 143 (1911)).
Consistent with our statements in Neat, St. Paul Church and Mayhaw School concede that they "have no standing to seek an award of benefits to themselves (or any other specific class member) as opposed to other charities or to challenge the Trustees' exercise of discretion in selecting beneficiaries to receive the net income required to be paid by the Trustees." Appellants' brief, at 28-29. However, they claim that they do "have standing as putative class plaintiffs to enforce the Trust, to seek restitution on behalf of the entire charitable class, and to recover on behalf of the charitable class for the misdeeds and mismanagement of the Trustees." Appellants' brief, at 29. We disagree.
In Jones v. Grant, 344 So.2d 1210 (Ala. 1977), this Court was called upon to address an issue of first impression, namely, whether anyone other than the attorney general has standing to institute a suit against a charitable trust. More specifically, in Jones, "[t]he sole issue [was] whether members of the faculty, staff and student body of a charitable institution have standing to institute a class action against that institution, its president and board of directors for misuse of federal and church funds."344 So.2d at 1211. The Court held that the students, faculty, and staff had standing, and adopted a "sufficient special interest" standard for standing:
 "`The prevailing view of other jurisdictions is that the Attorney General does not have exclusive power to enforce a charitable trust and that a . . . person having a sufficient special interest may also bring an action for this purpose.' Holt v. College of Osteopathic Physicians and Surgeons, 61 Cal.2d 750, 40 Cal.Rptr. 244, 394 P.2d 932 (1964) (footnote omitted) (citing Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726 (1946)). See Paterson v. Paterson Gen. Hosp., 97 N.J.Super. 514, 235 A.2d 487 (1967); Restatement (Second) of Trusts
§ 391 (1959); 4 A. Scott, The Law of Trusts § 391 (3d ed. 1967); 15 Am.Jur.2d Charities § 145 (1976); 14 C.J.S. Charities § 58 (1939).
 "Beneficiaries of a charitable trust have a right to maintain a suit to enforce the trust or prevent diversion of the funds. Annot., 62 A.L.R. 881 (1929). See Holt, supra; Duffee v. Jones, 208 Ga. 639, 68 S.E.2d 699 (1952); Greenway v. Irvine's Trustee, 279 Ky. 632, 131 S.W.2d 705
(1939); G. Bogert G. Bogert, The Law of Trusts and Trustees § 414 (2d ed. 1964).
 "The students of a charitable institution are beneficiaries of a charitable trust. See Montclair Nat'l Bank Trust Co. v. Seton Hall College, 90 N.J.Super. 419, 217 A.2d 897 (1966); Ettlinger v. Trustees, 31 F.2d 869 (4th Cir. 1929); Eckles v. Lounsberry, 253 Iowa 172, 111 N.W.2d 638 (1961). Where the grants and loans were for the purpose of upgrading the staff and faculty, as well as the student body, members of the staff and faculty also are beneficiaries.
 "Where permitted, courts have generally found that the plaintiff had some special interest which would entitle him or her to sue without making the attorney general a party. Bogert, supra. We find that the interest of the students, staff and faculty as beneficiaries in the financing of the educational institution with which they are associated is a sufficient special interest to entitle them to bring suit. *Page 377 
"As stated in Paterson, supra,
 "`It must be conceded that . . . throughout the country . . . supervision of the administration of charities has been neglected. . . . The manifold duties of [the attorney general] make readily understandable the fact that such supervision is necessarily sporadic. . . . While public supervision of the administration of charities remains in-adequate, a liberal rule as to the standing of a plaintiff to complain about the administration of a charitable trust . . . seems decidedly in the public interest.'
 "Therefore, we adopt the rule that beneficiaries with a sufficient special interest in the enforcement of a charitable trust can institute a suit as to that trust, and we find that the plaintiffs here have such an interest and thus have standing."
Jones, 344 So.2d at 1212 (emphasis added).[1]
According to St. Paul Church and Mayhaw School, Jones
"conclusively establishes that [they] have standing to sue for the enforcement of the . . . Trust." Appellants' brief, at 34. The trustees, on the other hand, argue that St. Paul Church and Mayhaw School have no standing to sue to enforce the Trust, because, the trustees argue, St. Paul Church and Mayhaw School are not, in the words of Jones, "beneficiaries with a sufficient special interest in the enforcement" of the Trust. We agree with the trustees.
In Jones, the students, faculty, and staff of the charitable institution were readily identifiable asactual beneficiaries of a charitable trust. Thus, this Court found "that the interest of the students, staff and faculty as beneficiaries in the financing of the educational institution with which they [were] associated [was] a sufficient special interest to entitle them to bring suit." Jones, 344 So.2d at 1212 (emphasis added). Here, on the other hand, St. Paul Church and Mayhaw School are merely potential beneficiaries of the Trust and, as such, necessarily do not have the sufficient special interest in the enforcement of the Trust to entitle them to bring suit. Indeed, as the trustees argue, "[t]he difference in status — between a person or entity that has a vested or fixed right to receive a benefit from a charitable trust and a person or entity that might merely potentially receive a benefit in the discretion of the trustees — is at the very heart of the distinction between one who has a `special interest' and, thus, standing to sue, and one who does not." Trustees' brief, at 24.
Other courts, also applying the special-interest rule, have held that mere potential beneficiaries, whose interest is no greater than the interest of all the other members of a large class of potential beneficiaries of a charitable trust, have no standing to maintain an action for the enforcement of the trust. See, e.g., State ex rel. Nixon v. Hutcherson,96 S.W.3d 81 (Mo. 2003); Kania v. Chatham,297 N.C. 290, 254 S.E.2d 528 (1979). In attempting to distinguishHutcherson, St. Paul Church and Mayhaw School merely allege that the Supreme Court of Missouri "relied on a statute which set forth the proper parties to bring suit against charitable entities." Appellants' reply brief, at 21. However, that court clearly did not rely upon any such statute. Instead, after resolving the question of standing to enforce a testamentary trust under the special-interest rule, the court merely noted that "[t]he proper parties *Page 378 
to bring suit against charitable corporations are set out in" statutory provisions. Hutcherson,96 S.W.3d at 85 n. 2 (emphasis added).
In attempting to turn the holding in Kania to their advantage, St. Paul Church and Mayhaw School argue that the Supreme Court of North Carolina "recognized that . . . a `potential beneficiary' could avail himself of legal process to enforce the provisions of . . . a trust where the relief sought is based on the mismanagement of the trust." Appellants' reply brief, at 19. Although that is true, the "legal process" referred to was not legal process by the potential beneficiary, but, instead, was legal process by the attorney general.
 "We do not mean to imply that a potential beneficiary of a charitable trust can never avail himself of legal process to enforce the provisions of such a trust. In the absence of a showing of special interest, however, a party seeking enforcement of a charitable trust should have the Attorney General . . . commence an action . . . when it appears that the trust is being mismanaged through negligence or fraud."
Kania, 297 N.C. at 293, 254 S.E.2d at 530.
For the foregoing reasons, the judgment of the trial court dismissing the action brought by St. Paul Church and Mayhaw School for lack of standing is affirmed.
AFFIRMED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.
[1] The right to sue a trust incorporated as a nonprofit corporation is now governed by statute, as acknowledged inCook v. Lloyd Noland Foundation, Inc., 825 So.2d 83,86-87 (Ala. 2001). This case, of course, does not involve such an entity.